1

2

3

4

5

6

7

8                                  IN THE UNITED STATES DISTRICT COURT

9                                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EDDIE L. PITTS,

11              Plaintiff,                              No. CIV S-12-0823 GGH P

12          vs.

13    C. DAVIS, et al.,

14              Defendants.                             ORDER

15    _____/

16              Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C.

17    § 1983.  Plaintiff has consented to the jurisdiction of the undersigned.  By separate order, the

18    court has found that plaintiff has stated colorable claims as to a number of defendants.

19              As plaintiff has been informed previously, the court is required to screen

20    complaints brought by prisoners seeking relief against a governmental entity or officer or

21    employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

22    or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

23    fail to state a claim upon which relief may be granted, or that seek monetary relief from a

24    defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25              A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

                                                     1

1    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6            A complaint must contain more than a "formulaic recitation of the elements of a

7    cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9    "The pleading must contain something more...than...a statement of facts that merely creates a

10   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13   v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15   the court to draw the reasonable inference that the defendant is liable for the misconduct

16   alleged."  Id.

17           In reviewing a complaint under this standard, the court must accept as true the

18   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

20   and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

21   1843 (1969).

22           Plaintiff has once again improperly named, as he did in his original complaint,

23   the State of California as one of the defendants.  The Eleventh Amendment serves as a

24   jurisdictional bar to suits brought by private parties against a state or state agency unless the state

25   or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v.

26   Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir.

1    1982).  In the instant case, the State of California has not consented to suit.  Accordingly,

2    plaintiff's claims against the state are frivolous and must be dismissed with prejudice.

3              With regard to defendants Warden Swarthout and M. Cate[], plaintiff does not

4    identify them as defendants at the outset and appears to throw them in as an afterthought at the

5    conclusion of a long complaint, contending broadly that they ratify a defective grievance process.

6    Amended Complaint, p. 32.

7              Prisoners do not have a "separate constitutional entitlement to a specific prison

8    grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v.

9    Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison

10   officials to properly implement, an administrative appeals process within the prison system does

11   not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  See also,

12   Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir.

13   1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure

14   is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it

15   does not give rise to a protected liberty interest requiring the procedural protections envisioned

16   by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a

17   constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected

18   by the Due Process Clause of the federal constitution only if those regulations pertain to

19   "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation

20   to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293,

21   2300 (1995).[1]  In plaintiff's generic claim against these individuals, plaintiff fails to allege they

22

23        [1] "[W]e recognize that States may under certain circumstances create liberty interests
     which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S.
24   369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to
     freedom from restraint which, while not exceeding the sentence in such an unexpected manner as
25   to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones,
     445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494
26   U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic
     drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the

1   had any involvement in the processing, or lack thereof, of plaintiff's grievances.  Plaintiff's due

2   process claims against defendants Swarthout and Cate will be dismissed.  "The district court's

3   discretion to deny leave to amend is particularly broad where plaintiff has previously amended

4   the complaint."  Metzler Inv. GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir.

5   2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

6                    Accordingly, IT IS HEREBY ORDERED that defendants State of California,

7   Swarthout and Cate are dismissed, and as to the State of California, that defendant is dismissed

8   with prejudice.

9   DATED: September 20, 2012

10

                                    /s/ Gregory G. Hollows
11                          UNITED STATES MAGISTRATE JUDGE

12   GGH:009
     pitt0823.ord
13

14

15

16

17

18

19

20

21

22

23

24

25

26   ordinary incidents of prison life."  Sandin v. Conner, supra.