UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIS L. PITTS,<br><br>    Plaintiff,<br><br>    v.<br><br>C. DAVIS, et al.,<br><br>    Defendants. | No. 2:12-cv-0823 TLN AC P<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983, alleges that health care providers at California State Prison - Solano (CSP-Sol) were deliberately indifferent to his serious medical conditions. Pending before the court are: (1) defendant Fontillas' motion to dismiss (ECF No. 36); (2) plaintiff's motion to strike defendant's notice of errata regarding that motion to dismiss (ECF No. 61); (3) defendant Froland's motion to dismiss (ECF No. 46); (4) plaintiff's motion for leave to conduct oral depositions or, alternatively, to serve written deposition questions upon defendants (ECF No. 53); and (5) plaintiff's motion requesting authentication of exhibits (ECF No. 63).[1]

BACKGROUND

Plaintiff brought this action against multiple health care providers and prison

---

[1] Plaintiff's recently filed motion for an order directing service of a subpoena duces tecum upon a non-party (ECF No. 76) is not yet submitted.

administrators. On November 21, 2013, defendants Austin, Morgan, Mefford, McAlpine, Trujillo, Davis, Fleischman and Villanueva (de la Vega) were dismissed. See ECF No. 40 (Findings and Recommendations), ECF No. 66 (order adopting Findings and Recommendations). Also dismissed as administratively unexhausted was plaintiff's claim against defendants Braunger and Kiesz, both nurses, regarding their alleged failure to provide timely access to a primary care physician. Id. The action thereafter proceeded on plaintiff's Eighth Amendment claims against defendants Fontillas, Froland[2] and Broughn [Boughn], and on the specific claim against defendants Braunger and Kiesz of deliberate indifference to plaintiff's medical needs relating to the delay in providing plaintiff with his prescribed medication.[3] Id. Defendants Fontillas and Froland, both prison nurses, now move for dismissal on grounds including plaintiff's failure to exhaust his administrative remedies.

ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

On November 11, 2010, plaintiff received an emergency medical evaluation for a sports injury to his left shoulder and collarbone. Plaintiff was x-rayed and provided a shoulder brace, neck brace and pain medications, and a follow-up appointment with his primary care physician (PCP) was scheduled. Over the next several months, plaintiff was repeatedly thwarted in his attempts to be seen by his PCP and to receive the medication he required for his injury and for his chronic headaches, as well as treatment for an allergy-related rash that developed into sores. Plaintiff submitted numerous health care services request forms complaining of severe pain and unfilled prescriptions for ibuprofen and allergy medications. In response to these requests, he was seen on several occasions by nurses who failed to ensure that he saw a doctor or obtained his medications.

On November 24, 2010, defendant Fontillas interviewed plaintiff in response to his request for medical assistance dated November 22, 2010. Fontillas reviewed plaintiff's vital signs but did not conduct a physical examination regarding the issues presented in plaintiff's medical

---

[2] This defendant's name was previously misspelled as "Freland."
[3] Defendants Kiesz and Braunger have filed their answers. ECF No. 71, 72. The Discovery and Scheduling Order was filed on December 13, 2013. ECF No. 75.

2

request, which included back, chest and shoulder pain, a problem with a nerve in the neck, and difficulty sleeping.  First Amended Complaint (FAC) (ECF No. 13) at 6.  Instead, Fontillas stated: "You are already scheduled to see your PCP therefore, you can address your medical problems to the d[octo]r at that time."  She also told him that if his situation became worse, he could submit another medical request form.  Plaintiff informed defendant Fontillas that the ibuprofen he had been prescribed for pain for an unrelated condition had not been provided by the prison pharmacy.  Defendant Fontillas did not contact the pharmacy or take any other action at the time, releasing plaintiff back to his unit.  Plaintiff's prescription was not delivered to him and he was not seen by the PCP, resulting in severe pain.  As a result, on December 8, 2010, plaintiff submitted a second CDCR Form 7362 (request for medical assistance).  FAC at 6-7, 24-25.

  On January 29, 2011, plaintiff submitted a standard form requesting his prescription medication but none was provided.  Therefore, on February 10, 2011, he submitted another CDCR 7362 form to the medical department complaining that (1) his prescribed medications had not been delivered; (2) his shoulder pain was causing neck pain; (3) his untreated allergy rash had progressed to becoming sores.  On February 14, 2011, defendant RN Froland interviewed plaintiff regarding this complaint.  She re-faxed his medication prescription to the pharmacy and told him: "You are already scheduled to see your PCP in a week.  You can discuss your injuries further with him."  Defendant Froland provided him no further medical assistance at that time.  Thereafter, plaintiff remained in extreme pain, continued to have difficulty sleeping, experienced the spreading of itching sores, as well as pounding headaches.  He did not receive his prescribed medications and submitted another CDCR Form 7362 about his medical complaints on March 20, 2011.  ECF No. 13 at 9.  Plaintiff claims that Froland's failure to conduct a physical examination, make a medical assessment, and notify the appropriate medical staff about the delay in plaintiff's receipt of his medication amounted to, inter alia, deliberate indifference.  Id. at 26.

  On March 22, 2011, in response to the March 20th Form 7362, plaintiff was again interviewed by defendant Fontillas, who re-faxed plaintiff's medication prescription to the CSP-Sol pharmacy and also relayed the prescription to pharmacy personnel by phone in plaintiff's presence.  Plaintiff received no other medical assistance at this time.  Plaintiff alleges that he had

3

1  gone without his prescription(s) for seventy-seven days at this point.  He finally received his
2  allergy medication on March 25, 2011 and received relief within two to three days after taking the
3  medication.  ECF No. 13 at 9-10.  Plaintiff alleges that defendant Fontillas on both November 24,
4  2010 and March 22, 2011 was deliberately indifferent to his medical needs by failing to examine
5  him or notify the appropriate medical staff of his delayed prescription medication or delayed
6  doctor appointments.  Id. at 24-25.

MOTIONS TO DISMISS

8  Defendant Fontillas moves for dismissal on grounds that plaintiff failed to exhaust his
9  administrative remedies.  ECF No. 36.  Defendant Froland's motion to dismiss argues that
10 plaintiff (1) failed to exhaust his administrative remedies, and (2) and fails to state a claim against
11 her.  ECF No. 46.  Both motions rely in substantial part on the briefing and administrative appeals
12 record submitted in relation to the previously-adjudicated motion to dismiss brought by other
13 defendants.  See ECF No. 24, 30.

14 I.   Administrative Exhaustion

15      A.   The Exhaustion Requirement

16 The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), provides that
17 "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any
18 other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until
19 such administrative remedies as are available are exhausted."  Regardless of the relief sought,
20 whether injunctive relief or money damages, inmates must exhaust administrative remedies.
21 Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999); Booth v. Churner, 532 U.S. 731 (2001).

22 Administrative remedies must be exhausted before the complaint is filed.  McKinney v.
23 Carey, 311 F.3d 1198 (9th Cir. 2002), but see Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010)
24 (PLRA exhaustion requirement satisfied with respect to new claims within an amended or
25 supplemental complaint so long as administrative remedies are exhausted prior to the filing of
26 the amended or supplemental complaint).

27 Exhaustion of administrative remedies under the PLRA requires that the prisoner
28 complete the administrative review process in accordance with the applicable procedural rules.

4

1    Woodford v. Ngo, 548 U.S. 81 (2006). An untimely or otherwise procedurally defective appeal

2    will not satisfy the exhaustion requirement. Id. at 84. When an inmate's administrative

3    grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as

4    "effectively unavailable." Sapp v. Kimbrell, 623 F. 3d 813, 823 (9th Cir. 2010).

5        Exhaustion may be excused where administrative remedies are effectively unavailable, see

6    Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010), or where exhaustion would be futile,

7    see Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).

8        Prior to January 28, 2011,[4] inmates were to proceed through four levels of appeal to

9    exhaust the appeal process: (1) attempted informal resolution, (2) formal written appeal on a

10   CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4)

11   third level appeal to the Director of the California Department of Corrections and Rehabilitation

12   (CDCR). ECF No. 24, Declaration of J. Lozano, CDCR Chief of the Office of Appeals (ECF

13   No. 24-12) at ¶¶ 1-2; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing 15 Cal.

14   Code Regs. § 3084.5). A final decision from the Director's level of review satisfies the

15   exhaustion requirement. Id. at 1237-38. Since 2008, medical appeals have been processed at the

16   third level by the Office of Third Level Appeals for the California Correctional Health Care

17   Services.

18       B.    Standards Governing the Motions

19       In a motion to dismiss for failure to exhaust administrative remedies under nonenumerated

20   Rule 12(b) of the Federal Rules of Civil Procedure, defendants "have the burden of raising and

21   proving the absence of exhaustion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert.

22   denied, 540 U.S. 810 (2003). The parties may go outside the pleadings, submitting affidavits or

23   declarations under penalty of perjury, and plaintiff must be provided with notice of his

24   opportunity to develop a record.[5] Id. at 1120 n.14. The court may decide disputed issues of fact.

---

[4] Since January 28, 2011, 15 Cal. Code Regs. § 3084.7 has modified the inmate appeals procedure to limit it to three levels of review with provisions allowing the first level to be bypassed under specific circumstances. It is unclear why declarant Lozano adheres to the old regime inasmuch as the appeals at issue are inmate appeals dating from March 2011 and concern incidents beginning from February 2011.

[5] The court provided plaintiff with such notice by Order filed on November 6, 2012

If the court determines that plaintiff has failed to exhaust, dismissal without prejudice is the appropriate remedy. Id. at 1120.

### C. Notice of Errata and Motion to Strike

In her reply, defendant Fontillas cited Albino v. Baca, 697 F.3d 1023, 1031-32 (9th Cir. 2012), for the proposition that after the defense has met its burden to raise and prove a lack of exhaustion, the burden shifts to plaintiff to show the unavailability of administrative remedies. Fontillas subsequently filed a notice of errata to advise the court that Baca had been taken en banc by the Court of Appeals. ECF No. 54. Fontillas argued that the principle for which Baca was cited remains good law.[6] Plaintiff objected to and moved to strike the notice of errata. ECF No. 61. The motion has no sound basis and is denied.

### D. Evidentiary Record Regarding Exhaustion

The court relies in part on the evidentiary record previously presented by now-dismissed defendants, and incorporated by the moving defendants' reference here. This record demonstrates that plaintiff submitted at least ten (10) administrative appeals between November 11, 2010, when the alleged Eighth Amendment violations began, and March 30, 2012, when the complaint initiating this action was filed. See ECF No. 40 at 5. Five of these appeals were exhausted by denial at the Third Level. Id. Of these five, two involve parties and/or claims involved in this action. Id. Here the court addresses the four appeals that are addressed by the parties in their present arguments regarding exhaustion.

#### 1. *Log No. SOL-24-11-10706*

Plaintiff submitted this grievance on March 30, 2011, complaining that he had not received his prescription allergy medication following a January 20, 2011 evaluation by his PCP and despite repeated written requests. He complained of extreme shoulder pain and requested an investigation and the names of employees responsible for not having provided him immediate

---

(ECF No. 17), and defendants provided the concurrent Wyatt notice required by Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012). ECF Nos. 36-1, 46-2.

[6] See Hilao v. Estate of Marcos, 103 F.3d 767, 778 n. 5 (9th Cir. 1996), abrogated on other grounds by Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541 (2011); Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011); Bull v. Scribner, No. 1:05-cv-01255, 2012 WL 5878195 * 2 (E.D. Cal. 2012) (citing Hilao and Tuckel).

medical assistance. ECF No. 13 at 59; ECF No. 29; see also ECF No. 24-4. This appeal was initially rejected on procedural grounds. ECF No. 13-1 at 27-28. Plaintiff resubmitted the appeal on April 19, 2011 and received a first level response indicating that he had received a thirty-day supply of his medication and was scheduled for a follow-up appointment with his PCP. ECF No. 13 at 64-66. As to plaintiff's request that an investigation be conducted to determine why he had not received his medication on time, the response stated:

> As this incident involved multiple disciplines it is not possible to pinpoint that a single individual's actions led to your medication delay. As we discussed, there are systems currently in place to ensure that incidents such as this are avoided in the future.

ECF No. 13 at 66; ECF No. 24-4 at 15.

Plaintiff sought second level review. The second level response indicated that the appeal was "partially granted," based on plaintiff's having acknowledged receipt of his medications and plaintiff's apparent acknowledgment that he was now receiving his meds on time. The response also stated that plaintiff had received the appropriate medical treatment, had not been subjected to deliberate indifference and had failed to provide documentation to support his claim "of any form of staff misconduct." ECF No. 13 at 67-69; ECF No. 24-4 at 9 - 11.

On July 12, 2011, plaintiff filed a third level appeal stating that he did not receive his medication for more than 65 days and protesting the finding at the second level that he had received "appropriate medical treatment." Plaintiff was notified by the Office of Third Level Appeals-Health Care that his appeal package had been forwarded to the CSP-Sol Health Care Appeals Coordinator "for further processing." ECF No. 13 at 96. In plaintiff's Health Care Services Appeal History, there is an entry dated August 31, 2011, noting that the second level appeal response needed to be amended because it did not address plaintiff's request to be provided with the names of all individual medical staff responsible for seeing that plaintiff receives his medications timely. ECF No. 13 at 99. An amended second level response issued on November 29, 2011, ECF No. 24-4 at 2-4, although it did not address the previously-overlooked issue. There is no evidence that plaintiff submitted the amended second level decision for third level review.

Plaintiff contends that he did re-submit SOL 24-11-10706 for third level review on December 1, 2011, but has never received a response. ECF No. 48 at 4; see also ECF No. 51 at 4-5. Plaintiff claims the record of the Office of Third Level Appeals (OTLA) is not complete. Plaintiff provides no documentation to corroborate this allegation, such as a copy of a third level appeal dated December 1, 2011.

### 2. Log No. SOL-HC-11006664/SOL-24-11-10898

This grievance was filed on April 8, 2011 and concerned plaintiff's ongoing shoulder pain and delayed medication. Plaintiff reported that he had seen one RN on February 14, 2011 and another on March 22, 2011, and told both about his shoulder pain and lack of ibuprofen. He complained in an attachment that he had not been provided the prescribed ibuprofen since February of 2011, that his shoulder pain had "gone 'inappropriately unassisted'" and that he continued "needlessly" to suffer "unbearable headaches" and persistent and increasingly severe shoulder pain. ECF No. 13-1 at 41. Plaintiff received a first level appeal response on June 2, 2011, partially granting plaintiff's appeal. Plaintiff appealed to the second level on June 18, 2011 and, on July 25, 2011 the appeal was granted. Plaintiff nevertheless appealed to the third level on August 1, 2011. ECF No. 24-9; ECF No. 24-3 at ¶ 5. This appeal was denied at the third level (Office of Third Level Appeals - Health Care) on January 26, 2012. ECF No. 13-1 at 52-5.

### 3. Log No. SOL 24-11-10870

Plaintiff submitted this appeal on April 19, 2011, to present the complaints that he had been directed to sever from SOL 24-11-10706. Plaintiff complained that unnamed RNs had failed to provide medical assistance on February 14, 2011 and March 22, 2011. He requested action in the form of a thorough investigation and an explanation of why he had yet to be seen by a physician for his shoulder injury. He also requested all the names of staff "responsible for this negligence." ECF No. 13-1 at 15. On April 29, 2011, the appeal was returned to plaintiff because it concerned "an anticipated action or decision" and because it had not been submitted on "the departmentally approved appeal forms." ECF No. 13-1 at 23. A separately dated screening form dated May 12, 2011, indicates that SOL 24-11-10870 was being returned to plaintiff for the

reasons previously stated and also because plaintiff had submitted more than one appeal within fourteen days. ECF No. 13-1 at 20.

The appeal was re-submitted. On June 3, 2011 it was cancelled at the first level as duplicative of SOL 24-11-10898. It was determined that the appeal was not a staff complaint because "there is no evidence supporting your allegation of staff misconduct or violation of policy." ECF No. 13-1 at 16-17; ECF No. 29 at 23-24. On July 19, 2011, plaintiff attempted to resubmit the appeal with an explanation that that it had been rejected in error and that his efforts at appeal were being "sabotaged." ECF No. 29 at 25. On July 22, 2011, plaintiff was advised that SOL 24-11-10870 was a duplicate of SOL 24-11-10898 because the two appeals "were about the same issue shoulder injury and pain, which is being handled by your pharmacy care provider." Id.

4. *Log No. SOL- HC-11022512/SOL-24-11-11471*

On July 12, 2011, plaintiff initiated a staff misconduct complaint contending that CSP-Sol appeal coordinators Fleischman and Davis (as well as the warden and "unknown" others) engaged in an "inveterate" practice of rejecting and canceling plaintiff's properly submitted 602s. Plaintiff requested an "impartial investigation" of those who had "sabotaged" his appeals. Specifically, plaintiff alleged that his medical 602 Log No. SOL-24-11-10870 had been improperly rejected. ECF No. 24-4 at 28, 30.

This appeal was denied at the first level on August 9, 2011. ECF No. 24-4 at 32-34. Protesting that the grievance had been inappropriately reviewed by one of the reviewer's against whom he was making complaints, plaintiff submitted a second level appeal on August 21, 2011. ECF No. 24-4 at 27, 31. The appeal was submitted to the third level on October 27, 2011 and denied on February 13, 2012. ECF No. 13-1 at 33-35.

D.  Administrative Exhaustion as to Defendants Fontillas and Froland

Two of plaintiff's administrative appeals -- Log Nos. SOL 24-11-10870 and SOL-HC-11006664/SOL-24-11-10898 -- specifically reference plaintiff's February 14, 2011 interaction with defendant Froland and his March 22, 2011 interaction with defendant Fontillas. Plaintiff complained that on those occasions the respective nurses failed to treat plaintiff's pain and/or

9

ensure that his medications were timely provided. One of these grievances -- SOL-HC-11006664/SOL-24-11-10898 -- was exhausted through the third level. Accordingly, plaintiff's claims against the moving defendants for failure to ensure pain medication on or about February 14 and March 22, 2011 are exhausted. The moving defendants concede as much. However, defendant Fontillas is correct that none of plaintiff's administrative appeals complained that she failed to provide appropriate care on November 24, 2010. Accordingly, the claim against her is unexhausted to the extent it is predicated on the November 24, 2010 interview.

As the court has previously found in relation to the motions of other defendants, plaintiff's complaints about the line nurses did not alert authorities to the distinct claim that those nurses had failed to provide timely access to a PCP. ECF No. 40 at 9-10. That ruling is the law of the case and applies equally to the claims against defendants Froland and Fontillas.[7] Accordingly, the deliberate indifference claims against the moving defendants should be dismissed as unexhausted to the extent they are predicated on failure to provide timely access to a PCP.

II.     Failure to State a Claim Against Defendant Froland

    A.     Standards Under Fed. R. Civ. P. 12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and

---

[7] Once a decision of law is made, it becomes the "law of the case," and absent clear error or changed circumstances should not be changed. See United States v. Estrada Lucas, 651 F.2d 1261, 1263-64 (9th Cir.1980). "The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs." Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir.1990), citing Lockert v. United States Dept. of Labor, 867 F.2d 513, 518 (9th Cir.1989). Under the doctrine, "a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case." Gonzalez v. Arizona, 677 F.3d 383, 389-90 n. 4 (9th Cir. 2012), cert. granted, 133 S. Ct. 476 (2012) and aff'd sub nom. Arizona v. Inter Tribal Council of Arizona, Inc., 133 S. Ct. 2247 (2013); Richardson v. United States, 841 F.2d 993, 996 (9th Cir.), amended, 860 F.2d 357 (9th Cir.1988) (accord).

1  Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual

2  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>,

3  556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility

4  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

5  that the defendant is liable for the misconduct alleged."  <u>Id.</u>

6  In considering a motion to dismiss, the court must accept as true the allegations of

7  the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740

8  (1976), construe the pleading in the light most favorable to the party opposing the motion and

9  resolve all doubts in the pleader's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g denied,

10 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific

11 facts that are necessary to support the claim.'"  <u>National Organization for Women, Inc. v.

12 Scheidler</u>, 510 U.S. 249, 256 (1994),(quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561

13 (1992)).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by

14 lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

15 The court may consider facts established by exhibits attached to the complaint.

16 <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

17 consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct</u>., 828 F.2d

18 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

19 papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir.

20 1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

21 <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

22       B.     <u>Elements of an Eighth Amendment Violation</u>

23 In order to state a §1983 claim for violation of the Eighth Amendment based on

24 inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

25 deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

26 To prevail, plaintiff must show both that his medical needs were objectively serious, and that

27 defendants possessed a sufficiently culpable state of mind.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 299

28 (1991); <u>McKinney v. Anderson</u>, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

11

1  mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5
2  (1992).
3      A serious medical need exists if the failure to treat a prisoner's condition could result in
4  further significant injury or the unnecessary and wanton infliction of pain.  Indications that a
5  prisoner has a serious need for medical treatment are the following: the existence of an injury that
6  a reasonable doctor or patient would find important and worthy of comment or treatment; the
7  presence of a medical condition that significantly affects an individual's daily activities; or the
8  existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-
9  41 (9th Cir. 1990); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989); McGuckin v.
10 Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992).
11     In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very
12 demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S.
13 at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm
14 which is so obvious that it should be known) is insufficient to establish an Eighth Amendment
15 violation.  Id. at 836-37.  It not enough that a reasonable person would have known of the risk or
16 that a defendant should have known of the risk.  Id. at 842.  Rather, deliberate indifference is
17 established only where the defendant subjectively "knows of and disregards an excessive risk to
18 inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal
19 citation omitted) (emphasis added).
20     A finding that an inmate was seriously harmed by the defendant's action or inaction tends
21 to provide additional support for a claim of deliberate indifference; however, it does not end the
22 inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the
23 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
24 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the
25 defendant."  McGuckin, 974 F.2d at 1061.
26     C.    Sufficiency of Plaintiff's Claim Against Defendant Froland
27     The claim remaining against defendant Froland is that she was deliberately indifferent to
28 plaintiff's serious medical conditions when, on February 14, 2011, she failed to make sure that his

prescribed medications were provided to him in a timely fashion.  The first amended complaint alleges, inter alia, that during the February encounter Froland refaxed his medication order to the prison pharmacy and told plaintiff that he was scheduled to see his PCP in a week and could discuss his injuries with the doctor at that time.  In light of these facts, any failure to more aggressively treat plaintiff's pain or intercede with the pharmacy does not rise to the level of an Eighth Amendment violation.  The allegations of the complaint, interpreted in the light most favorable to plaintiff, do not support a conclusion that defendant Froland acted with deliberate indifference to plaintiff's suffering.  The standard for deliberate indifference, as noted, is very demanding.  Farmer v. Brennan, 511 U.S. 825.  Negligence is insufficient.  Defendant's step in refaxing the prescription(s) reflects responsiveness to plaintiff's concerns and demonstrates that her mental state was not deliberately indifferent.  The court will recommend defendant Froland's motion to dismiss be granted.

III.    Failure to State a Claim Against Defendant Fontillas

Defendant Fontillas did not move for dismissal under Fed. R. Civ. P. 12(b)(6).  However, under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ---(B) the action or appeal ---(ii) fails to state a claim upon which relief may be granted…

"It is well-settled that when determining whether a plaintiff has failed to state a claim upon [which] relief can be granted under § 1915(e)(2), courts use the Rule 12(b)(6) standard of review."  Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (citing, inter alia, Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000)); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1138 (9th Cir. 2005) (affirming dismissal of all but plaintiff's claims for injunctive relief); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  The power to dismiss sua sponte "may be invoked 'at any time' the court finds that the plaintiff has failed to state a claim." Id. ("[t]his "at any time" language strongly suggests that the court's power does not exist solely at the screening stage provided for in § 1915A, but at all stages of the case.").

This court has now determined that the only administratively exhausted claim against

13

defendant Fontillas is deliberate indifference to plaintiff's serious medical needs by failing to ensure his timely receipt of prescription medication on or about March 22, 2011. The first amended complaint alleges that plaintiff saw RN Fontillas on that date in response to a health form request dated March 20, 2011. During the interview, defendant Fontillas re-faxed plaintiff's medication prescription to the CSP-Sol pharmacy. She also took the step of telephoning and speaking to pharmacy personnel. Plaintiff alleges that by that time he had already gone without his prescription(s) for seventy-seven days. He also claims to have finally received his allergy medication on March 25, 2011 and to have received relief within two to the three days after taking the medicine.

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d at 1057. The allegations remaining against defendant Fontillas fail to state an Eighth Amendment claim. Plaintiff's own allegations demonstrate that defendant Fontillas took steps to ensure that he finally received the prescribed medication, and that he did receive the medication three days later. The court will recommend dismissal of defendant Fontillas.

## PLAINTIFF'S MISCELLANEOUS MOTIONS

### I. Motion For Depositions

Plaintiff moves for leave to conduct oral depositions or, alternatively, to serve written deposition questions upon defendants. ECF No. 53. Rule 30 of the Federal Rules of Civil Procedure governs the procedure by which depositions are taken by oral examination. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "The party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A). The noticing party must also bear costs of recording the deposition. Id. In addition, that party must arrange for an officer to conduct the depositions (absent a stipulation by all parties otherwise). Fed. R. Civ. P. 30(b)(5)(A). The court cannot order defendants to arrange for plaintiff to take their depositions. On the other hand, plaintiff does not require the court's permission to take defendants' depositions.

Depositions by written questions must be taken pursuant to the procedures set forth under Fed. R. Civ. P. 31. The procedure would involve plaintiff sending out a notice of deposition identifying "(a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur." Lopez v. Horel, C 06-4772 SI PR, 2007 WL 2177460 n. 1 (N.D. Cal. July 27, 2007) aff'd, 367 F. App'x 810 (9th Cir. 2010). There would then be an opportunity for the parties to exchange written cross-examination questions for the witness, followed by written re-direct questions, and then written re-cross-examination questions. Id. The questions would then be sent to the deposition officer who would depose the witness with the scripted questions. Id. As for an oral deposition, the responses are reported and the transcript prepared by a court reporter. Id. "To obtain a deposition upon written questions, the prisoner thus has to pay the . . . deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings." Id. In any event, to obtain either an oral or written question deposition, plaintiff must follow the applicable rule. Leave of court is unnecessary and the motion is denied on that basis.[8]

## II.  Motion for Authentication of Exhibits

Plaintiff moves for a court order declaring all of the documents, exhibits and records attached to his complaint/amended complaint authenticated. ECF No. 63. Defendant Kiesz joined defendants Braunger, Fontillas and Froland's opposition to the motion. ECF Nos. 72, 74.

The basis for plaintiff's motion is that these documents "were created, approved, generated, reviewed, addressed and responded [to]" by the CDCR, CSP-Sol, defendants and the agencies and agents thereof. ECF No. 63 at 1. Plaintiff contends that the documents were created in the regular course of business and in conformity with the applicable administrative procedures. Id. Further, he argues that to date no defendant has objected on the basis of lack of authenticity to any of his attached documents.

In opposition, defendants contend that plaintiff fails to present a sufficient basis for

---

[8] "'Plaintiff's in forma pauperis status ... does not entitle him to waiver of witness fees, mileage or deposition officer fees.'" Brady v. Fishback, 1:06CV00136 ALA (P), 2008 WL 1925242 * 2 (E.D. Cal. Apr. 30, 2008) (quoting Jackson v. Woodford, 2007 WL 2580566, at *1. (S.D.Cal. August 17, 2007)).

15

1 authentication of the exhibits attached to his original and/or amended complaints. ECF No. 72.
2 They point to Fed. R. Evid. 901(a) which requires that the party seeking authentication of "an
3 item of evidence . . . must produce evidence sufficient to support a finding that the item is what
4 the proponent claims it is." Further, defendants cite Fed. R. Evid. 902 which governs self-
5 authenticating evidence, contending that plaintiff does not demonstrate that the documents he
6 wishes to have authenticated fall into that category. As to plaintiff's assertion that the documents
7 were created in the regular course of business by CDCR, CSP-Sol and defendants, defendants are
8 correct that Fed. R. Evid. 803(6)(D) requires that records of a regularly conducted activity be
9 authenticated by the testimony of a custodian or other qualified witness or by proper certification.

Plaintiff is correct that defendants have not challenged the authenticity of documents attached to his verified amended complaint. However, plaintiff has not provided the necessary foundation for a blanket order of authentication and the motion will be denied.

In any case, authentication is not necessary for purposes of pre-trial motion practice. See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (evidence which could be made admissible at trial may be considered on summary judgment). In addition, a verified complaint, "because it is based on personal knowledge and sets forth specific facts admissible in evidence, […] may be considered in opposition to summary judgment." McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (citing Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir.1985)). All of plaintiff's exhibits have been accepted to date at face value. To the extent plaintiff's request for authentication is intended to address admissibility at trial, the motion is denied as premature.

DEFENDANT BOUGHN

Although the case docket indicates that an executed summons was returned and filed as to defendant Boughn on August 7, 2013 (ECF No. 44), the court's review of the document demonstrates that the summons, in fact, remains unexecuted. The Clerk of the Court will be directed to correct the docket entry.

At this time, the court will direct defendants' counsel to query the Department of Corrections and Rehabilitation to ascertain the whereabouts of defendant R. Boughn. If

1  defendant Boughn is still employed with the Department of Corrections or Rehabilitation or any
2  other California state agency, counsel shall provide the business address to plaintiff.  If counsel is
3  otherwise informed of the business address of defendant Boughn, counsel shall provide the
4  address to this court.  In the event that counsel, after conducting a good faith inquiry, cannot
5  ascertain the business address of defendant Boughn, counsel shall so inform the court.
6  Defendants' counsel shall file and serve the appropriate response within fourteen (14) days of the
7  filed date of this order.

8        Should defendants' counsel be unable to provide an address for defendant Boughn (who
9  has also herein been identified as "Broughn"), plaintiff must show good cause, within twenty-
10 eight days of defendants' counsel's response so indicating, why defendant R. Boughn should not
11 be dismissed pursuant to Fed. R. Civ. P. 4(m).  Under Rule 4(m) of the Federal Rules of Civil
12 Procedure, the court must dismiss without prejudice an action as to any defendant who has not
13 been served within 120 days after a complaint has been filed "on motion or on its own after notice
14 to the plaintiff" or specify a time for service to be effected.  However, "if the plaintiff shows good
15 cause for the failure, the court must extend the service for an appropriate period."  Id.  If plaintiff
16 does not show good cause for the failure of service to be effected upon defendant Boughn, this
17 defendant will be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

18       Accordingly, IT IS ORDERED that:

19       1.  The Clerk of the Court is directed to correct the entry at ECF No. 44 to reflect that the
20 summons upon defendant Boughn is unexecuted;

21       2.  Defendants' counsel is directed to provide the court, within fourteen (14) days, with
22 the business address for defendant R. Boughn to be served;

23       3.  If defendants' counsel is unable to provide an address at which defendant R. Boughn
24 may be served, counsel must so inform the court within fourteen days; within twenty-eight days
25 thereafter, plaintiff must show good cause why defendant Boughn should not be dismissed
26 pursuant to Fed. R. Civ. P. 4(m); failure to do so will result in a recommendation of dismissal,
27 under Rule 4(m) without prejudice of this defendant; and

28       4.  The Clerk of the Court is directed to correct the spelling of the defendant previously

identified as "Freland" in the case docket to "Froland;"

     5. Plaintiff's motion to strike (ECF No. 61) defendant's notice of errata (ECF No. 54) is denied;

     6. Plaintiff's motion for leave to conduct oral depositions or, alternatively, to serve written deposition questions upon defendants (ECF No. 53) is denied;

     7. Plaintiff's motion for an order authenticating his exhibits (ECF No. 72) is denied.

     IT IS HEREBY RECOMMENDED that:

     1. Defendant Fontillas' motion to dismiss for lack of administrative exhaustion (ECF No. 36) be granted as to all claims but the claim of deliberate indifference to plaintiff's serious medical needs by failing to ensure plaintiff timely received prescribed medication in March 2011;

     2. Plaintiff's claim of deliberate indifference against defendant Fontillas for failing to ensure timely receipt of pain medication in March 2011 be dismissed pursuant to the court's sua sponte screening obligations, under 28 U.S.C. § 1915(e)(2)(b)(ii), and defendant Fontillas be dismissed from this action; and

     3. Defendant Froland's motion to dismiss (ECF No. 46) be granted and defendant Froland be dismissed.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 2, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE