UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE L. PITTS, | No. 2:12-cv-0823 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| C. DAVIS, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On January 3, 2014, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff has filed objections to the findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case.

    The Court adopts the magistrate judge's findings and recommendations in part. The Court declines to adopt the magistrate judge's findings and recommendations with respect to the administrative exhaustion issue as to Defendants Fontillas and Froland. The Court finds that Plaintiff's administrative complaint did allege a failure to provide timely access to a primary care

1

physician. (ECF No. 13-1 at 15 ("Action Requested: . . . that it be explained to me why I have yet to see DR. regarding shoulder injury and receive med assistance"); ECF No. 13-1 at 16 ("You are requesting that a thorough investigation be conducted and that it be explained to you why you have yet to see a doctor and receive assistance regarding your shoulder injury.").) Because exhaustion is an affirmative defense, of which Defendants bear the burden of proving, this Court finds that Defendants have not met their burden to demonstrate Plaintiff failed to raise the issue of access to a primary care physician.

Furthermore, and in the alternative, the Court finds that Plaintiff's failure to exhaust this claim should be excused because Plaintiff took reasonable and appropriate steps to exhaust the claim. *See Nunez v. Duncan*, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (holding exhaustion may be excused where administrative remedies are effectively unavailable); *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (holding that exhaustion may be excused where futile). In his administrative complaint, log no. SOL 24-11-10870, Plaintiff sought an explanation as to why he had not yet seen a doctor regarding his shoulder injury. The CDCR cancelled Plaintiff's appeal of this complaint as apparently duplicative of another complaint submitted by Plaintiff, log no. SOL 24-11-10898. Upon review, however, the purported duplicative complaint does not appear to raise the issue of access to a primary care physician. (ECF No. 13-1 at 41-43.) Rather log no. SOL 24-11-10898 only appears to address Plaintiff's inability to receive medication.[1] Furthermore, after Plaintiff received notice that the CDCR cancelled his appeal of log no. SOL 24-11-10870, Plaintiff submitted a separate administrative grievance log no. SOL 24-11-11471. In this subsequent grievance, Plaintiff protested that his prior complaint had been improperly cancelled. (ECF No. 24-4 at 28–30.) It is undisputed that both of Plaintiff's other appeals touching upon access to a primary care physician, the ostensibly duplicative appeal, log no. SOL 24-11-10898, and the subsequent grievance alleging his prior complaint had been improperly cancelled, were each properly exhausted. Therefore, even if Plaintiff did not technically exhaust his administrative remedies with respect to his administrative complaint raising the issue of

---

[1] It is undisputed that appeal log no. SOL 24-11-10898 was properly exhausted.

2

access to a primary care physician, i.e., log no. 24-11-10870, the Court finds that Plaintiff took reasonable and appropriate steps to exhaust the claim.  Therefore, particularly in light of Plaintiff's pro se status, the Court excuses any failure by Plaintiff to exhaust his claim that Defendants Froland and Fontillas were deliberately indifferent to his serious medical condition by failing to provide timely access to a primary care physician.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 3, 2014, are adopted in part.

2. Defendant Fontillas' motion to dismiss for lack of administrative exhaustion (ECF No. 36) is granted to the extent Plaintiff's claim is predicated on the November 24, 2010 interview.  However, in all other respects the motion is denied, and Plaintiff will be permitted to proceed with his claim alleging Defendant Fontillas was deliberately indifferent to his serious medical needs by failing to provide timely access to a primary care physician.

3. Plaintiff's claim that Defendant Fontillas was deliberately indifferent to his serious medical needs by failing to ensure timely receipt of pain medication in March 2011 is dismissed pursuant to the Court's sua sponte screening obligations, under 28 U.S.C. § 1915(e)(2)(b)(ii).

4. Defendant Froland's motion to dismiss (ECF No. 46) is granted in part.  Plaintiff's claim that Defendant Froland was deliberately indifferent to Plaintiff's serious medical needs by failing to ensure timely receipt of pain medication in February 2011 is dismissed.  However, in all other respects the motion is denied, and Plaintiff will be permitted to proceed with his claim alleging Defendant Froland was deliberately indifferent by failing to provide timely access to a primary care physician.

---

[2] The Court need not reverse its prior order dismissing Plaintiff's claims against Defendants Braunger and Kiesz and finding Plaintiff had failed to exhaust his administrative remedies against them.  Similar to his allegations against Defendants Froland and Fontillas, Plaintiff alleged that Defendants Braunger and Kiesz were deliberately indifferent to Plaintiff's serious medical needs by failing to provide timely access to a primary care physician.  In Plaintiff's administrative complaint against Defendants Braunger and Kiesz, however, it does not appear that Plaintiff ever referred to a doctor or primary care physician.  Rather the thrust of his complaint was his inability to obtain prescribed medication.  (ECF No. 13-1 at 49.)  By contrast, in Plaintiff's administrative complaint against Defendants Froland and Fontillas he specifically mentions his failure to receive "any assistance" and requests "it be explained to me why I have yet to see DR. regarding shoulder injury and receive med assistance."  (ECF No. 13-1 at 15.)

1  **IT IS SO ORDERED.**

2  Dated: May 9, 2014

6  Troy L. Nunley
   United States District Judge

7  /pitt0823.805