UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE L. PITTS, | No. 2:12-cv-0823 TLN AC P |
| Plaintiff, | |
| v. | ORDER & |
| C. DAVIS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed an action pursuant to 42 U.S. § 1983. Plaintiff filed a motion for service of a subpoena on Warden Swarthout to obtain an address for an unserved defendant (ECF No. 82).[1] The court then ordered plaintiff to show cause why that unserved individual, defendant Boughn, should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 107. Plaintiff has filed a response. ECF No. 113.

I.   Background of the Service Issue

Plaintiff seeks service of a subpoena intended to ascertain the address and phone number for defendant Boughn, who has never been served. ECF No. 82. However, both the court and counsel for defendant correctional officers have previously taken steps to ascertain the

---

[1] A number of other discovery-related motions brought by plaintiff are addressed by separate order. The background of this action and allegations of the first amended complaint are set forth therein.

whereabouts of this defendant, without success.

On November 6, 2012, the first amended complaint was ordered served upon defendants including Boughn. See Order at ECF No. 17.  Thereafter, a waiver of summons upon defendant Boughn was erroneously docketed by clerical staff as executed on August 7, 2013.  ECF No. 44. Upon the court's review, it was evident that service by mail and personal service upon Boughn had proved unsuccessful.  Accordingly, the docket entry was corrected and, by order filed on January 3, 2014, defendants' counsel was directed to query the California Department of Corrections and Rehabilitation (CDCR) in order to determine the whereabouts of defendant Boughn.  ECF No. 79.  In a timely response filed on January 9, 2014, defendants' counsel informed the court that defendant Boughn had never been employed by CDCR but had, during the relevant period, worked for a registry service which had a contract with CDCR to provide inmate medical services.  ECF No. 80.  Counsel also provided the last known business address for Boughn at the registry.  Id.

On January 17, 2014, the court directed the U.S. Marshal to serve defendant Boughn at the address provided by CDCR.  ECF No. 83 (Order filed on January 21, 2014).  On June 17, 2014, the summons was returned unexecuted.  ECF No. 105.  The summons indicates that after mailing was unsuccessful, a further effort to obtain an accurate address was made, upon which both service by mail and personal service were attempted, equally without success.  Id.; see also ECF No. 107.  By order filed on June 30, 2014, this court then directed plaintiff to show cause why defendant Boughn should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 107.  Plaintiff's response to the show cause order was signed on July 24, 2014.  ECF No. 113.

II.   Standards

Rule 4(m) of the Federal Rules of Civil Procedure sets forth:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or

1    4(j)(1).

2    "Rule 4(m), as amended in 1993, *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay." Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphasis in original) (citing Mann v. American Airlines, 324 F.3d 1088, 1091 n. 2); In re Sheehan, 253 F.3d 507, 512 (9th Cir.2001).  The burden to show good cause is on "the party on whose behalf service was required." Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985).  Evasion of service would obviously constitute good cause for a delay in service. Wei. 763 F.2d at 371; Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp., No. 1:07-cv11893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec.24, 2008) (citing Hendry v. Schneider, 116 F.3d 446, 449 (10th Cir.1997)).  Plaintiff may also show good cause where service has been attempted but not yet completed upon a defendant, where plaintiff was confused about the requirements for service of process, or where service was prevented because of events outside of his control. Id. (applying the good cause standard in Rule 4(j) [replaced, as noted above, by Rule 4(m) in 1993]); Mateo v. M/S KISO, 805 F.Supp. 792, 795 (N.D.Cal.1992) (abrogated on other grounds by Brockmeyer v. May, 361 F.3d 1222 (9th Cir. 2004) (in turn superseded by Brockmeyer v. May, 383 F.3d 798 (9th Cir. 2004)).  Whether good cause exists is determined on a case by case basis. In re Sheehan, 253 F.3d at 512.

III.    Discussion

In plaintiff's response to the show cause order, he explains that he thought defendant Boughn would be served after the court directed the U.S. Marshal to serve defendant Boughn at the address provided by defendants' counsel upon inquiry with CDCR.  ECF No. 113.  Plaintiff maintains that, since having learned five months later that service of the summons and complaint had not been completed, he has not had sufficient time to pursue "other legal alternatives to effectuate service upon defendant R. Boughn." Id. at 3.  Plaintiff does not specify what alternatives he contemplates.

In support of his request for more time to serve defendant Boughn, plaintiff cites two out-of-circuit cases, Robinson v. America's Best Contacts and Eyeglasses, 876 F.2d 596 (7th Cir. 1989), and Caterbone v. Lancaster County Prison, 293 Fed. Appx. 867 (3rd Cir. 2008)

3

Case 2:12-cv-00823-TLN-AC Document 116 Filed 09/12/14 Page 4 of 5

(unpublished). ECF No. 113 at 3. These cases are not on point. The court in <u>Robinson</u> found that the district court had abused its discretion by dismissing a pro se complaint for failure to serve the summons and complaint within the applicable 120-day period. The ruling turned on calculation of the 120 period where in forma pauperis status was denied and a new time fixed for the payment of filing fees. That issue has no bearing on the present case. Here there can be no dispute that Boughn was not served within 120 days under any calculation of the deadline.

In <u>Caterbone</u>, the court found that plaintiff's case had improperly dismissed for having failed to serve process because an in forma pauperis litigant is not responsible for service of process. "Once Caterbone filed his amended complaint, the District Court was obligated to appoint a United States marshal to effect service. Fed.R.Civ.P. 4(c)(3)." 293 F. Appx. at 871. In this case, the court did not fail to direct service by the U.S. Marshal. The problem here that the U.S. Marshal has been unsuccessful in serving Boughn because neither plaintiff nor defendants have been able to provide an accurate address.

On September 21, 2012, the first amended complaint was found appropriate for service upon defendant Boughn (as well as twelve other defendants).[2] ECF No. 15. Despite the orders of the court and repeated attempts at service by the U.S. Marshal, Boughn remains unserved nearly two years later. Although plaintiff states that he needs more time to locate this defendant, he has provided no information as to how he intends to uncover an accurate address for service. Plaintiff's request for a subpoena to the Warden of his institution does not support good cause under Rule 4(m), because there is no reason to suspect that the Warden has information about the present location of an individual who was never a CDCR employee. Moreover, it appears that all information known to CDCR has been exhausted without Boughn's current location being determined. Accordingly, there is good cause neither for issuance of the subpoena nor for an extension of the time to serve Boughn.

Even absent a showing of good cause, courts have discretion under Rule 4(m) to extend the time for service. <u>In re Sheehan</u>, 253 F.3d at 513. There is no specific test that a court must

---

[2] By separate order, also filed on September 21, 2012, three defendants were dismissed. ECF No. 14.

apply in deciding whether to exercise this discretion . Id.  The court may extend the time for service for "excusable neglect." Id. at 514.  In this instance, however, the delay in service is not attributable to the plaintiff's neglect, excusable or otherwise.  On the record before the court, the undersigned finds that an extension of time for service would be futile, and the equally futile proposed subpoena does not change that fact.  Accordingly, there is no basis for a discretionary extension of time.

Accordingly, IT IS ORDERED that plaintiff's motion for an order granting service of a subpoena duces tecum by the U.S. Marshal upon a non-party (ECF No. 82) is DENIED;

IT IS RECOMMENDED that defendant Boughn be DISMISSED from this action pursuant to Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE