1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDDIE L. PITTS,                              No.  2:12-cv-0823 TLN AC P

12                  Plaintiff,

13          v.                                    ORDER

14   C. DAVIS, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed an action pursuant to 42 U.S. § 1983.

18   Pending before the court are several motions brought by plaintiff: (1) a motion for a court order

19   authenticating the exhibits attached to the complaint (ECF No. 63); (2) a motion for an order

20   granting a subpoena duces tecum, production of documents and service of the subpoena by the

21   United States Marshal on non-party Warden Gary Swarthout or an acting warden (ECF No. 76);

22   (3) a motion to compel discovery (ECF No. 87), opposed by defendant Kiesz (ECF No. 89); (4) a

23   separate motion to compel discovery (ECF No. 91), opposed by defendant Braunger (ECF No.

24   94) with a reply from plaintiff (ECF No. 100); and (5) a motion for appointment of counsel and to

25   re-open discovery (ECF No. 111), opposed by defendant Kiesz (ECF No. 114).

26                                      BACKGROUND

27          Plaintiff brought this action against multiple health care providers and prison

28   administrators.  Claims and defendants were dismissed from plaintiff's original complaint with

                                            1

1   leave to amend.  Upon the filing of a first amended complaint, three defendants were dismissed

2   but service of the amended complaint was found appropriate as to thirteen defendants at

3   California State Prison-Solano.  ECF Nos. 14, 15, 17.  Defendants thereafter brought a motion to

4   dismiss (ECF No. 24), and on November 21, 2013, defendants Austin, Morgan, Mefford,

5   McAlpine, Trujillo, Davis, Fleischman and Villanueva (de la Vega) were dismissed.  See ECF

6   No. 40 (Findings and Recommendations), ECF No. 66 (Order adopting Findings and

7   Recommendations).  Also dismissed (as administratively unexhausted) was plaintiff's claim

8   against defendants Braunger and Kiesz, both nurses, regarding their alleged failure to provide

9   timely access to a primary care physician.  Id.  The action thereafter proceeded on plaintiff's

10  Eighth Amendment claims against defendants Fontillas, Froland[1] and Boughn,[2] and on the

11  specific claim against defendants Braunger and Kiesz of deliberate indifference to plaintiff's

12  medical needs relating to the delay in providing plaintiff with his prescribed medication.[3]  Id.

13          Defendants Fontillas and Froland then brought separate motions to dismiss on grounds of

14  unexhausted administrative remedies, and, as to defendant Froland, also for failure to state a

15  claim.  ECF Nos. 36, 46.  Plaintiff's claim against defendant Fontillas based on the November 24,

16  2010 interview was dismissed; the motion was, however, denied as to plaintiff's claim that

17  Fontillas was deliberately indifferent to plaintiff's serious medical needs by failing to provide

18  timely access to a primary care physician.  ECF No. 97 (Order adopting in part the January 3,

19  2014 Findings and Recommendations, ECF No. 79).  In addition, pursuant to the court's sua

20  sponte screening obligations, plaintiff's claim that defendant Fontillas was deliberately indifferent

21  to his serious medical needs by failing to ensure timely receipt of pain medication in March

22  2011was dismissed.  Id.  Defendant Froland's motion to dismiss, ECF No. 46, was granted in part

23  and plaintiff's claim that defendant Froland was deliberately indifferent to plaintiff's serious

24  medical needs by failing to ensure timely receipt of pain medication in February 2011 was

25  _____

    [1] This defendant's name was previously misspelled as "Freland."

26  [2] Boughn has never been served.  The undersigned has accordingly recommended dismissal of
    this defendant by separate Findings and Recommendations.

27  [3] Defendants Kiesz and Braunger filed their answers on December 3, 2013 and December 4,
    2013, respectively.  ECF No. 71, 72.  The Discovery and Scheduling Order was filed on

28  December 13, 2013.  ECF No. 75.

1   dismissed, but the motion was otherwise denied and plaintiff permitted to proceed on his claim

2   that defendant Froland was deliberately indifferent by failing to provide timely access to a

3   primary care physician.  Id.  Defendants Fontillas and Froland filed their answer on May 27,

4   2014.  ECF No. 101.

5        In sum, this action presently proceeds on plaintiff's claims that: (1) defendants Braunger

6   and Kiesz were deliberately indifferent to plaintiff's medical needs relating to the delay in

7   providing plaintiff with his prescribed medication; and (2) defendants Fontillas and Froland were

8   deliberately indifferent to plaintiff's serious medical needs by failing to provide timely access to a

9   primary care physician.

10               ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

11       On November 11, 2010 at California State Prison-Solano (CSP-Sol), plaintiff received an

12   emergency medical evaluation for a sports injury to his left shoulder and collarbone.  Plaintiff

13   was x-rayed and provided a shoulder brace, neck brace and pain medications, and a follow-up

14   appointment with his primary care physician (PCP) was scheduled.  Over the next several

15   months, plaintiff was repeatedly thwarted in his attempts to be seen by his PCP and to receive the

16   medication he required for his injury and for his chronic headaches, as well as treatment for an

17   allergy-related rash that developed into sores.  Plaintiff submitted numerous health care services

18   request forms complaining of severe pain and unfilled prescriptions for Ibuprofen and allergy

19   medications.  In response to these requests, he was seen on several occasions by nurses who

20   failed to ensure that he saw a doctor or obtained his medications.   The details are as follows:

21       On November 24, 2010, defendant Registered Nurse (RN) Fontillas interviewed plaintiff

22   in response to his request for medical assistance dated November 22, 2010.  Fontillas reviewed

23   plaintiff's vital signs but did not conduct a physical examination regarding the issues presented in

24   plaintiff's medical request, which included back, chest and shoulder pain, a problem with a nerve

25   in the neck, and difficulty sleeping.  First Amended Complaint (FAC) (ECF No. 13) at 6.  Instead,

26   Fontillas stated: "You are already scheduled to see your PCP therefore, you can address your

27   medical problems to the d[octo]r at that time."  She also told him that if his situation became

28   worse, he could submit another medical request form.  Plaintiff informed defendant Fontillas that

3

the Ibuprofen he had been prescribed for pain for an unrelated condition had not been provided by the prison pharmacy.  Defendant Fontillas did not contact the pharmacy or take any other action at the time, releasing plaintiff back to his unit.  Plaintiff's prescription was not delivered to him and he was not seen by the PCP, resulting in severe pain.  As a result, on December 8, 2010, plaintiff submitted a second CDCR Form 7362 (request for medical assistance).  FAC at 6-7, 24-25.

On December 10, 2010, plaintiff was interviewed by defendant RN Braunger, in an encounter that began and ended with Braunger's statement: "I checked and your Ibuprofen was given to you."  At that point, plaintiff had been in extreme pain for about twenty-five days without even having the Ibuprofen which had been prescribed for a prior medical condition.  Defendant Braunger did not provide any of the medical care needed.  FAC at 6, 25.

On January 4, 2011, plaintiff submitted a CDCR Form 7362 to the CSP-Sol medical department requesting "kitchen clearance" for a job assignment and renewal of his prescribed Ibuprofen.  On January 6, 2011, defendant RN Kiesz conducted a medical interview with plaintiff during which plaintiff requested assistance securing treatment for his shoulder injuries and receipt of his prescribed Ibuprofen.  Defendant Kiesz responded that s/he saw nothing in plaintiff's medical file regarding any injury reports, and that pursuant to "our policy," only the request written on the (current) 7362 request would be addressed.  No medical assistance for plaintiff's shoulder injury and pain was provided by this defendant.  FAC at 7-8, 25-26.

On January 29, 2011, plaintiff submitted a standard form requesting his prescription medication but none was provided.  Therefore, on February 10, 2011, he submitted another CDCR 7362 form to the medical department complaining that (1) his prescribed medications had not been delivered; (2) his shoulder pain was causing neck pain; (3) his untreated allergy rash had progressed to becoming sores.  On February 14, 2011, defendant RN Froland interviewed plaintiff regarding this complaint.  She resubmitted his medication prescription to the pharmacy by fax and told him: "You are already scheduled to see your PCP in a week.  You can discuss your injuries further with him."  Defendant Froland provided him no further medical assistance at that time.

Plaintiff remained in extreme pain, continued to have difficulty sleeping, experienced the spreading of itching sores, as well as pounding headaches.  He did not receive his prescribed medications and submitted another CDCR Form 7362 about his medical complaints on March 20, 2011.  ECF No. 13 at 9.  Plaintiff claims that Froland's failure to conduct a physical examination, make a medical assessment, and notify the appropriate medical staff about the delay in plaintiff's receipt of his medication amounted to, inter alia, deliberate indifference.  Id. at 26.

On March 22, 2011, in response to the March 20th Form 7362, plaintiff was again interviewed by defendant Fontillas, who resubmitted plaintiff's medication prescription to the pharmacy by fax and also relayed the prescription to pharmacy personnel by phone in plaintiff's presence.  Plaintiff received no other medical assistance at this time.  Plaintiff alleges that he had gone without his prescription(s) for seventy-seven days at this point.  He finally received his allergy medication on March 25, 2011 and received relief within two to three days after taking the medication.  ECF No. 13 at 9-10.

PLAINTIFF'S MOTIONS TO COMPEL

I.      Overview of the Discovery Disputes

Plaintiff has filed two motions to compel production of documents, the first with regard to defendant Kiesz (ECF No. 87) and the second directed to defendant Braunger (ECF No. 91).  The requests for production of documents (RFPs) served upon these two defendants were identical. Plaintiff seeks compelled responses to all of his requests for production from defendant Kiesz, who provided no document production.  Plaintiff seeks further production from defendant Braunger in relation to RFPs Nos. 1-7 and 9-11.

II.     Standards Governing Discovery

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad.  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Id.  Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

5

1   The court, however, may limit discovery if it is "unreasonably cumulative or duplicative," or can

2   be obtained from another source "that is more convenient, less burdensome, or less expensive"; or

3   if the party who seeks discovery "has had ample opportunity to obtain the information by

4   discovery"; or if the proposed discovery is overly burdensome.  Fed. R. Civ. P. 26(b)(2)(C)(i), (ii)

5   and (iii).

6           Where a party fails to produce documents requested under Rule 34 of the Federal Rules of

7   Civil Procedure, the party seeking discovery may move for compelled disclosure.  Fed. R. Civ. P.

8   37.  The party seeking to compel discovery has the burden of establishing that its request satisfies

9   the relevancy requirements of Rule 26(b)(1).  The party opposing discovery then has the burden

10  of showing that the discovery should be prohibited, and the burden of clarifying, explaining or

11  supporting its objections, Bryant v. Ochoa, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009),

12  and are "required to carry a heavy burden of showing" why discovery should be denied.

13  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

14          Privileges are narrowly construed because they impede the full and fair discovery of the

15  truth.  Eureka Fin. Corp. v. Hartford Acc. & Indem. Co., 136 F.R.D. 179, 183 (E.D. Cal.1991).

16  Further, the party asserting a privilege has the burden to establish that it applies.  See e.g., United

17  States v. O'Neill, 619 F.2d 222, 227 (3rd Cir.1980).  Documents that are a part of the personnel

18  records of officers defending civil rights actions, while containing sensitive information, are

19  within the scope of discovery.  Soto v. City of Concord, 162 F.R.D. 603, 614–15 (N.D.

20  Cal.1995); Hampton v. City of San Diego, 147 F.R.D. 227, 230–31 (S.D. Cal.1993); Miller v.

21  Pancucci, 141 F.R.D. 292, 296 (C.D. Cal.1992).  In civil rights cases brought under federal

22  statutes, questions of privilege are resolved by federal law.  Kerr v. U.S. District Court for the

23  Northern District of California, 511 F.2d 192, 197 (9th Cir.1975), aff'd on procedural grounds,

24  426 U.S. 394 (1976).  "State privilege doctrine, whether derived from statutes or court decisions,

25  is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D.

26  653, 655 (N.D. Cal. 1987).

27  ////

28  ////

III.     Discussion of Individual Requests for Production of Documents

A.  Request for Production No. 1

RFP No. 1:  Produce a copy of any and all employment contracts you signed at/with CDCR and CSP-Solano, that govern[] your employeed [sic] assignment(s)[,] responsibilities, and obligations. The time frame for this discovery request is the time each defendant became employed by the CDCR and CSP-Solano, to present date.

1.  Motion to Compel as to Defendant Kiesz

Defendant Kiesz responded to RFP No. 1 as follows:

Objection.   Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous.  Without waiving objections, responding party is not in possession, custody, or control of the requested documents.

ECF No. 87 at 1.

Defendant Kiesz asserts that she is no longer employed by the CDCR and lives outside of California.  Kiesz Opposition (Opp.), ECF No. 89 at 2; Declaration of Shanan Hewitt in Support of Kiesz Opp. to Motion to Compel (MTC), ¶ 3.  Plaintiff does not take issue with Kiesz's representation that she is not in possession, custody or control of the documents he seeks.  Indeed, in his request to have a subpoena served on the warden for the same documents, plaintiff "stipulates" to this.  See ECF No. 76 at 2.  The court cannot order further production from a party in these circumstances.  The motion to compel is denied.

2.  Motion to Compel as to Defendant Braunger

Defendant Braunger's Response:

Defendant objects to this request on the grounds that it is overbroad and unduly burdensome.  Defendant Braunger does not know when "each defendant became employed by the CDCR and CSP-Solano." The request also seeks contracts which may or may not exist because defendant Braunger may not have been employed at the same time as other defendants.  Defendant objects on the grounds that this request seeks information that is not relevant to the claims and defense in this matter and is not likely to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it calls for information which inmates are not permitted to possess under California Code of Regulations, title 15, sections 3450(d) and 3321.  Defendant objects on the grounds that personnel records are subject to the qualified privilege of official information and federal common law privilege.  Pursuant to Sanchez v. Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991), such broad requests

7

are generally not allowed on federal common law grounds.  The confidential nature of employee personnel files prohibit the opening of such files to a plaintiff for a general search which could reach well beyond the legitimate inquiries necessary.  Id.  Personnel files are also protected by the privacy rights of staff, including federal common-law and applicable California statutes.

Subject to and without waiving the foregoing objections, defendant produces her current signed "Duty Statement" attached as Exhibit "H."

ECF No. 91 at 9.

The Duty Statement produced by defendant Braunger is responsive to the request, and further production would be overbroad in relation to plaintiff's claim.  The motion is denied on that basis, and the court need not reach the confidentiality and privilege issues asserted by the defendant.

B.  Request for Production No. 2

RFP No. 2:  Produce a copy of all training records, training programs that defendant attended, completed and received at CSP-Solano related to defendants employeed [sic] professional assignments, responsibilities, obligations, policies, regulations, procedures and practices.  This request includes any and all training documents you signed (contracts) with CDCR and CSP-Solano related to this request.

1.  Motion to Compel as to Defendant Kiesz

Kiesz's response to RFP Nos. 1-5 and 7-11 is the same: she interposes objections, and goes on to assert that she is not in possession, custody, or control of the documents.  See ECF No. 87 at 1-5.  Plaintiff does not dispute that Kiesz does not have the documents.  Because the court cannot order further production under these circumstances, the motion to compel is denied.

2.  Motion to Compel as to Defendant Braunger

Defendant Braunger objects that the request is vague, overbroad, and unduly burdensome. She further objects that the request is compound as it seeks records "regarding training but also seeks records regarding policies, regulations, and procedures."  ECF No. 91 at 9.  As in her objections to RFP No. 1, defendant Braunger asserts that 15 CCR §§ 3450(d) and 3321 prohibit disclosure, and that her personnel records are protected by the qualified official information privilege, federal common law privilege, and state privacy statutes.  Id. at 10.  Nevertheless and without waiving the objections, the defendant produced "a redacted 'In-Service Training' list of

8

1    training courses she has attended, attached as Exhibit 'J,'" as well as "redacted copies of available

2    'In-Service Training' sign-in sheets, which she signed between November 2009 and January

3    2012, attached as Exhibit 'K.'"  Id.

4            The documents produced by defendant Braunger are responsive to the request, and further

5    production would be overbroad in relation to plaintiff's claim.  The motion is denied on that

6    basis, and the court need not reach the confidentiality and privilege issues asserted by the

7    defendant.

8            C.  Request for Production No. 3

9                RFP No. 3:  Produce any all documents that relate to policies,
                 procedures and practices in effect January 2011, through March
10               2011, for CDCR and CSP-Solano medical nurses and staff,
                 regarding the examination[s], evaluation, and diagnosis of
11               prisoner's [sic] as a result of prisoner submitted CDCR Forms
                 "'7362.'"
12

13              1.  Motion to Compel as to Defendant Kiesz

14           Kiesz again interposes objections, and goes on to assert that she is not in possession,

15   custody, or control of the documents.  See ECF No. 87 at 1-5.  Plaintiff does not dispute that

16   Kiesz does not have the documents.  Because the court cannot order further production under

17   these circumstances, the motion to compel is denied.

18              2.  Motion to Compel as to Defendant Braunger

19           Defendant Braunger objects on grounds of relevance, vagueness and overbreadth, noting

20   inter alia that "the overbreadth of the request" might call for documents "deemed confidential . . .

21   the disclosure of which would create a hazard to the safety and security of the institution and

22   prison officials involved in medical care."  ECF No. 91 at 11.  Without waiving the objections

23   "and assuming plaintiff seeks documents containing the policy, procedures, and practice in effect

24   on December 10, 2010 for registered nurses working at California State Prison-Solano, regarding

25   the examination of prisoners,"  defendant produced the following:

26       •   California Code of Regulations, title 15, §§ 3350-3359, covering Article 8:

27           Medical and Dental Services, updated through January 1, 2011;

28       •   California Department of Corrections and Rehabilitation, Department

9

1    Operations Manual§§ 91020.1-91090.19, covering Chapter 10: Health Care Services;

2    •   California State Prison- Solano, Local Operating Procedure CSPS-MD-10-033:

3    Distribution and Administration of Medication, dated April 2010;

4    •   California State Prison- Solano, Local Operating Procedure CSPS-MD-10-058:

5    Transferring Medications with Inmates, dated January 2010;

6    •   California State Prison- Solano, Local Operating Procedure CSPS-MD-10-100:

7    Overview of Health Care Services, dated November 2010;

8    •   California State Prison - Solano, Local Operating Procedure CSPS-MD-10-105: RN

9    Sick Call Protocols Policy, dated May 2010.

10   Id.; see also Declaration of David C. Goodwin in Support of defendant's Opposition to plaintiff's

11   Motion to Compel, ECF No. 94-1 at ¶ 3.

12   The court finds that defendant Braunger has properly construed the appropriate scope of

13   the RFP, and that the documents produced are responsive.  Plaintiff is correct that defendant fails

14   to specify particular documents that implicate institutional security, safety, or privacy concerns.

15   However, the request for production (insofar as it is potentially relevant to plaintiff's claims) does

16   not call for any materials that would implicate those concerns or require ruling on any assertions

17   of privilege.  Defendant has not withheld any identified responsive documents on grounds of

18   privilege or confidentiality.

19   Plaintiff also contends that the production is incomplete because prior to and during

20   defendant Braunger's employment at CSP-Sol, there were "established medical policies,

21   procedures, obligations and responsibilities" governing the defendant's actions related to

22   plaintiff's medical care "including sick-call, evaluations, interviews, and subsequent/

23   consequential treatment."  ECF No. 100 at 3.  Plaintiff identifies these documents as "Inmate

24   Medical Services Policies and Procedures" or "IMSPP."  Id.  Plaintiff contends that these

25   "documents are of public record and are generated and distributed freely in the regular court of

26   business hours."  Id.  Plaintiff maintains that these IMSPP documents were created as a result of

27   court decrees and the Federal Receivership of CDCR medical services, and that they directly

28   relate to the defendant's conduct and obligations with regard to plaintiff's treatment.  Id.

10

1   Because defendant Braunger "did not provide a single sheet of these said medical guidelines,"

2   plaintiff contends that the assertion that her responses are complete is false and perjurious.  Id.

3        If plaintiff sought production of these IMSPP guidelines, it is unclear why he did not

4   specifically request them.  It is also unclear why, if such documents were freely distributed, they

5   were not available to plaintiff outside of discovery.  Nevertheless, the court will require that

6   defendant Braunger provide copies of the IMSPP medical guidelines in effect during the relevant

7   time period (from January 1, 2010 through December 31, 2010), but only to the extent that they

8   speak to procedures, policies or practices governing the appropriate response to an inmate's

9   complaint of pain and request for prescribed medication that he maintains he has not received.

10   The motion as to further production is otherwise denied.

11        D.   Request for Production No. 4

12             RFP No. 4: Produce any and all records of training that has been
              provided to defendants related to medical evaluation procedures,
13             and practices.  The time for this discovery request is the time
              defendant became employed/contracted with CDCR and CSP-
14             Solano.

15             1.   Motion to Compel as to Defendant Kiesz

16        Kiesz again interposes objections, and goes on to assert that she is not in possession,

17   custody, or control of the documents.  See ECF No. 87 at 1-5.  Plaintiff does not dispute that

18   Kiesz does not have the documents.  Because the court cannot order further production under

19   these circumstances, the motion to compel is denied.

20             2.   Motion to Compel as to Defendant Braunger

21        Objecting that this request is duplicative of RFP No. 2, defendant also objects that it "is

22   overbroad and unduly burdensome with regard to the scope of time."  Finally, defendant objects

23   on the same grounds raised in response to RFP Nos. 1 and 2, citing California Code of

24   Regulations, title 15, §§ 3450(d) and 3321, the official information and federal common law

25   privilege and privacy rights with regard to personnel files.  Without waiving these objections,

26   defendant references the production in response to RFP No. 2.  ECF No. 91 at 11-12.  This

27   response is adequate for the same reason that Braunger's response to RFP No. 2 is adequate.  No

28   further production will be ordered.

E. Request for Production No. 5

>RFP No. 5:  Produce any and all documents that govern defendants [sic] obligations and responsibilities in conducting medical interviews at CSP-Solano, predicated from [sic] CDCR form 7362 submissions at all times defendant was employed at CSP-Solano.

1. Motion to Compel as to Defendant Kiesz

Kiesz again interposes objections, and then asserts that she is not in possession, custody, or control of the documents.  See ECF No. 87 at 1-5.  Plaintiff does not dispute that Kiesz does not have the documents.  Because the court cannot order further production under these circumstances, the motion to compel is denied.

2. Motion to Compel as to Defendant Braunger

Defendant objects that this request is duplicative of RFP No. 3, is overbroad, "unduly burdensome with regard to the scope of time," and seeks information irrelevant "to the claims and defenses in this matter and not likely to lead to the discovery of admissible information."  ECF No. 91 at 12.  Defendant objects that plaintiff's claim against her "only relates to the treatment she provided to plaintiff on December 10, 2010, and not 'at all times defendant was employed at CSP-Solano.'"  Id.

Without waiving the objections, "and assuming plaintiff is seeking documents containing the policy, procedures, and practice in effect on December 10, 2010 for registered nurses working at California State Prison-Solano, regarding the examination of prisoners," defendant references the production made in response to RFP No. 3.  ECF No. 91 at 12-13.  The court's ruling here is the same as that regarding RFP No. 3:  Defendant shall produce copies of the IMSPP medical guidelines in effect during the relevant time period (from January 1, 2010 through December 31, 2010), but only to the extent that they speak to procedures, policies or practices governing the appropriate response to an inmate's complaint of pain and request for prescribed medication that he maintains he has not received.  The motion as to further production is otherwise denied.

F. Request for Production No. 6

>RFP No. 6:  Produce any and all formal and informal written complaints (including but not limited to 602 forms) against defendant related to defendants [sic] providing negligent and/or

12

inappropriate medical care.

      1.  <u>Motion to Compel as to Defendant Kiesz</u>

Defendant Kiesz responded as follows:

> Objection.   Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and is overbroad.   In light of these objections and the general objections noted above, no records can be produced.

ECF No. 87 at 3.

      The RFP is not irrelevant.   The court is mindful that the claim against defendant requires proof of deliberate indifference, and other instances of alleged or actual substandard care would have no direct probative value regarding defendant's state of mind in responding to plaintiff. Defendant's general professional competence and past performance would be more relevant to a negligence claim, and negligence is insufficient as a matter of law to establish an Eighth Amendment violation.   <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994).   However, a sufficiently serious pattern of disregard for inmate pain complaints could support a finding that defendant had an attitude toward inmate pain complaints that would in turn circumstantially support a finding of deliberate indifference here.   The potential admissibility of such evidence at trial cannot be determined without knowing whether such complaints exist, as well as their number, frequency, seriousness, and factual similarity.   For purposes of discovery, the court finds that the RFP is reasonably calculated to lead to admissible evidence.   The relevance and overbreadth objections are therefore overruled.

      Defendant Kiesz does not assert in response to this RFP, as she does to ten others, that she is not in possession, custody or control of any responsive documents.   If defendant Kiesz is in possession of any grievances or complaints about the medical care she provided any inmate, she must redact the name(s) of any such inmate(s), along with any other identifying information including CDCR inmate number and birthdate, from the complaints and provide them to plaintiff within fourteen days.   To this extent only, the motion is granted.   In an abundance of caution and in anticipation that defendant Kiesz may assert that she does not have possession, custody or control of any such documents, plaintiff will also be permitted to subpoena the records of any

1    such complaints.  See infra (re motion for service of subpoena).

2                      2.   Motion to Compel as to Defendant Braunger

3         Defendant Braunger objects on grounds of relevance, overbreadth, vagueness, and undue

4    burden.  Those objections are overruled for the reasons explained above.  Defendant also asserts

5    that 15 CCR §§ 3450(d) and 3321 prohibit disclosure, and that her personnel records are

6    protected by the qualified official information privilege, federal common law privilege, and state

7    privacy statutes.   Additionally, she contends that "this request would violate other inmate's [sic]

8    privacy rights under the Health Insurance Portability and Accountability Act."  ECF No. 91 at 13.

9    Notwithstanding and without waiving the posited objections, defendant Braunger responds that

10   she "is unaware of any formal or informal written complaints against her, and has no such

11   complaints in her custody and control."  Id.

12        The official information privilege, as defendant Braunger concedes throughout her

13   objections, is only a qualified privilege.  It "must be formally asserted and delineated in order to

14   be raised properly."  Kerr, 511 F.2d at 198 (internal citations omitted).  To properly invoke the

15   official information privilege, "[t]he claiming official must 'have seen and considered the

16   contents of the documents and himself have formed the view that on grounds of public interest

17   they ought not to be produced' and state with specificity the rationale of the claimed privilege."

18   Id.

19        The party invoking the privilege must at the outset make a "substantial threshold

20   showing" by way of a declaration of affidavit from a responsible official with personal

21   knowledge of the matters to be attested to in the affidavit.  Soto v. City of Concord, 162 F.R.D.

22   603, 613 (N.D. Cal. 1995).  The affidavit must include: (1) an affirmation that the agency

23   generated or collected the material in issue and has maintained its confidentiality; (2) a statement

24   that the official has personally reviewed the material in question; (3) a specific identification of

25   the governmental or privacy interests that would be threatened by disclosure of the material to

26   plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted

27   protective order would create a substantial risk of harm to significant governmental or privacy

28   interests, and (5) a projection of how much harm would be done to the threatened interests if

                                        14

1   disclosure were made.  Id.  In addition, "[t]he asserting party, as in any case where a privilege is

2   claimed, must sufficiently identify the documents so as to afford the requesting party an

3   opportunity to challenge the assertion of privilege."  Miller, 141 F.R.D. at 300.  Once the

4   threshold showing that the official privilege applies, the court balances the interests and decides

5   whether the conditional privilege applies.

6        Defendant Braunger has not made the required showing.  Nor has she demonstrated why

7   redaction of the identities of any complaining inmates would not overcome third-party privacy

8   concerns.  However, this defendant denies awareness, custody or control of any written

9   complaints.  Accordingly, the court cannot compel production.  The motion will be denied as to

10  this defendant, but plaintiff will be permitted to subpoena redacted records.  See infra (re motion

11  for service of subpoena).

12        G.  Request for Production No. 7

13          RFP No. 7:  Produce any and all documents relating to the
            established written standards of care that are consistent to [sic] the
14          Department Office of Health Care Services objectives and
            community care standards at all times defendant was employed at
15          CSP-Solano.

16          1.  Motion to Compel as to Defendant Kiesz

17        Kiesz interposes objections, and then asserts that she is not in possession, custody, or

18  control of the documents.  See ECF No. 87 at 1-5.  Plaintiff does not dispute that Kiesz does not

19  have the documents.  Because the court cannot order further production under these

20  circumstances, the motion to compel is denied.

21          2.  Motion to Compel as to Defendant Braunger

22        After positing her standard objections (relevance, overbreadth, burden, and institutional

23  security concerns), defendant produced those documents provided in response to RFP No. 3.  The

24  court agrees that this RFP is overbroad in light of the claim against defendant Braunger, and that

25  the documents already produced encompass the responsive information that is reasonably

26  calculated to lead to the discovery of admissible evidence.  The motion is therefore denied.

27        H.  Request for Production No. 8

28          RFP No. 8:  Produce any and all documents relative to all

15

1

established written policies and procedures at CSP-Solano and
CDCR in effect from January 2011, through April 2011, depicting
the safe and effective provisions of quality nursing care.

2

3

    1.  Motion to Compel as to Defendant Kiesz

4

    Kiesz again interposes objections, and then asserts that she is not in possession, custody,

5

or control of the documents.  See ECF No. 87 at 1-5.  Plaintiff does not dispute that Kiesz does

6

not have the documents.  Because the court cannot order further production under these

7

circumstances, the motion to compel is denied.

8

    This RFP is at issue for defendant Kiesz only.  In any event, plaintiff has received

9

information responsive to this request, insofar as it is relevant to his claims, from defendant

10

Braunger in response to RFP no. 3.

11

    I.  Request for Production No. 9

12

RFP No. 9:   Produce any and all documents and/or copy of
established procedures, policies at CSP-Solano, that were in
effect/operative from January 2011, through April 2011, that
identifies defendant(s) [sic] approved classification to perform
his/her assigned duties.  (This request can be clarified by CSP-
Solan[o] Department Operational Manual 'D.O.M.' § 91040.81
nursing services procedure guidelines).

13

14

15

16

    1.  Motion to Compel as to Defendant Kiesz

17

    Kiesz again interposes objections, and then asserts that she is not in possession, custody,

18

or control of the documents.  See ECF No. 87 at 1-5.  Plaintiff does not dispute that Kiesz does

19

not have the documents.  Because the court cannot order further production under these

20

circumstances, the motion to compel is denied.

21

    2.  Motion to Compel as to Defendant Braunger

22

    Defendant Braunger objects that this request does not encompass plaintiff's claim against

23

her which relates only to the treatment she provided plaintiff on December 10, 2010.  ECF No. 91

24

at 16.  The undersigned finds that this request is not reasonably calculated to lead to the discovery

25

of relevant evidence related to Braunger.  The objection is sustained and the motion is denied as

26

to RFP No. 9.

27

    J.  Request for Production No. 10

28

RFP No. 10:   Produce any and all documents that relate to

16

defendants [sic] performance and duties in accordance to the scope and practices specified in the Business and Professional [sic] Code (B+PC) § 2725.

1. Motion to Compel as to Defendant Kiesz

Kiesz again interposes objections, and then asserts that she is not in possession, custody, or control of the documents. See ECF No. 87 at 1-5. Plaintiff does not dispute that Kiesz does not have the documents. Because the court cannot order further production under these circumstances, the motion to compel is denied.

2. Motion to Compel as to Defendant Braunger

After interposing objections and without waiving them, Defendant Braunger produces the documents referenced in response to RFP Nos. 3, 5, 7 and 8. California Business and Professions Code § 2725 is entitled "Legislative declaration; practice of nursing; functions." The response is adequate. Plaintiff's request for further production exceeds the bounds of relevance. The motion is therefore denied.

K. Request for Production No. 11

RFP No. 11: Produce any and all documents or records of training of defendant at CSP-Solano relative to physical assessments, sick-call and urgent/emergent protocols[.] (This request includes defendant['s] training in health care services, requested medical assistance by inmates, and prison triage assistance).

1. Motion to Compel as to Defendant Kiesz

Kiesz again interposes objections, and then asserts that she is not in possession, custody, or control of the documents. See ECF No. 87 at 1-5. Plaintiff does not dispute that Kiesz does not have the documents. Because the court cannot order further production under these circumstances, the motion to compel is denied.

2. Motion to Compel as to Defendant Braunger

Objecting that this request is duplicative of RFP Nos. 2 and 4 and otherwise raising the same objections she raised in response to Nos. 2 and 4, Braunger produced same documents: a list of training courses and redacted copies of available "In-Service Training" sign-in sheets. ECF No. 91 at 17. Defendant Braunger is correct that this request is duplicative and no further production will be ordered.

1

L.  Request for Production No. 12

2

      RFP No. 12: Produce any and all documents that relate to
defendants [sic] license as a health care provider including but not
limited to defendants [sic] performance duties consistent with
applicable licensing requirements to specific disciplines at CSP-
Solano that were in effect during all times defendants were
employed at CSP-Solano.

3

4

5

     1.  Motion to Compel as to Defendant Kiesz[4]

6

7

Defendant Kiesz responded as follows:

8

      Objections.  Request is irrelevant and not reasonably calculated to
lead to the discovery of admissible evidence, vague and ambiguous,
unintelligible and overbroad as to "any and all documents that
relate to defendants license as a health care provider including but
not limited to defendants performance duties consistent with
applicable licensing requirements to specific disciplines at CSP-
Solano."  Without waiving objections, based on the request and
stated objections, responding party cannot respond to the request.

9

10

11

12

ECF No. 87 at 6.

13

     In opposition, counsel for defendant Kiesz declares that a copy of on-line documentation

14

of defendant Kiesz California licensing has been located; the documentation has now been

15

provided to plaintiff.  Opp., ECF No. 89 at 6; Declaration of Shanan Hewitt in Support of Kiesz

16

Opp. to MTC, ¶ 5 & Ex. B.  The motion as to this request will be denied.

17

MOTION FOR SERVICE OF SUBPOENA FOR DOCUMENTS

18

I.      Overview Of Discovery Request

19

     Plaintiff seeks a court order granting a subpoena duces tecum, production of documents,

20

and service of the subpoena by the U.S. Marshal.  ECF No. 76.  Plaintiff requests that the court

21

direct the U.S. Marshal to serve a subpoena duces tecum upon non-party Warden Gary Swarthout

22

or any "acting" warden of CSP-Sol.  Id.

23

     To summarize, in response to defendant Kiesz' assertion that she is not the custodian of

24

the documents plaintiff seeks by his RFPs, "plaintiff stipulates" that none of the defendants are

25

custodians of the discovery he seeks.  Id. at 2.  Therefore, plaintiff has submitted a "Subpoena to

26

Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil

27

_____

28

[4] This RFP is at issue regarding defendant Keisz only.

18

Action," addressed to CSP-Sol Warden Swarthout and/or the acting warden.  Id. at 5.  Plaintiff asks for production of documents related to defendants Boughn, Braunger, Kiesz, Fontillas and Froland.  Defendant Boughn has not appeared in this action and any request regarding this defendant must be denied.[5]  As to defendants Braunger, Kiesz, Fontillas and Froland, the documents requested essentially mirror those specified in the requests for production served on defendants Braunger and Kiesz (see above).

Plaintiff seeks copies of the following:

1.  Defendants' "employment contracts" with CDCR/CSP-Sol showing their responsibilities and assignments from the date of the employment of each to the present;

2.  Defendants' training records and the "training programs defendants attended, completed and received at CSP-Sol[]" related to their "occupational assignments, responsibilities, obligations, policies, regulations, procedures and practices," including any training documents or contracts with CDCR and CSP-Sol signed by defendants related to this request;

3.  Any and all documents relating to the policies, procedures and practices in effect for CDCR and CSP-Sol medical nurses and staff from January 2011 through March of 2011 for the examination, evaluation and diagnosis of a prisoner in response to CDCR 7362 requests;

4.  Any and all records of training provided to the defendants related to medical evaluation procedures and practices since the time of the employment of each with CDCR and CSP-Sol;

5.  Any and all documents governing the defendants' obligations and responsibilities with regard to conducting medical interviews at CSP-Sol predicated on the submission of CDCR forms 7372 since being employed at CSP-Sol;

6.  Any and all formal and informal written complaints (including but not limited to 602's) against defendants for inappropriate and/or negligent medical care;

7.  Any and all documents relating to established written standards of care consistent with the objectives of the Department/Office of Health Care Services and community care standards at all times of the defendants' employment at CSP-Sol;

_____

[5] The undersigned has, by separate Findings and Recommendations, recommended dismissal of defendant Boughn.

8.  Any and all documents related to all established written CDCR and CSP-Sol policies and procedures in effect from January 2011 through April 2011 "depicting the safe and effective provision[] of quality nursing care;"

9.  Any and all "documents and/or copy of established procedures, policies at CSP-Solano, that were in effect/operative from January 2011 through April 2011, that identifies defendant(s') approved classification to perform her/his assigned duties," referencing CSP-Sol D.O.M. § 91040.8.1 "nursing services procedure guidelines");

10.  Any and all documents that related to defendants' "performance and duties in accordance to the scope and practices specified in the Business and Profession[s] Code [] § 2725;"

11.  Any and all documents or records of defendants' training at CSP-Sol "relative to physical assessments, sick and urgent/emergent protocols (this request includes defendants' training in health care services, requested medical assistance by inmates, and prison triage assistance.);"

12.  Any and all documents/records relating to each defendant's "license as a health care provider including but not limited to defendants' performance duties consistent with applicable licensing requirements to specific disciplines at CSP-Solano that were in effect during all times defendant(s) were employed at CSP-Solano."

ECF No. 76 at 12-14.

II.   Standards

The court must "issue and serve all process and perform all such duties" for a plaintiff proceeding in forma pauperis.  28 U.S.C.1915(d).  Plaintiff , proceeding in forma pauperis, thus "is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. 28 U.S.C.1915(d)."  Heilman v. Lyons, 2:09-cv-2721 KJN P, 2010 WL 5168871, *1 (E.D. Cal. Dec. 13, 2010); but see, Garcia v. Grimm, 2012 WL 216565, * 4 (S.D. Cal. Jan. 23, 2012) (citing Tedder v. Odel, 890 F.2d 210, 211, 212 (9th Cir.1989) ("Plaintiff, however, is responsible for paying all fees and costs associated with the subpoenas….fees are not waived based on Plaintiff's in forma pauperis status").

1    Because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena,

2    "'[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not

3    taken lightly by the court,' Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. §

4    1915(d)." Alexander v. California Dept. of Corr., 2:08-CV-2773, 2010 WL 5114931, *3 (E.D.

5    Cal. Dec. 9, 2010).

> Limitations include the relevance of the information sought as well
> as the burden and expense to the non-party in providing the
> requested information. Fed.R.Civ.P. 26, 45. A motion for issuance
> of a subpoena duces tecum should be supported by clear
> identification of the documents sought and a showing that the
> records are obtainable only through the identified third party. See,
> e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D.Cal.2010);
> Williams v. Adams, 2010 WL 148703, *1 (E.D.Cal.2010). The
> "Federal Rules of Civil Procedure were not intended to burden a
> non-party with a duty to suffer excessive or unusual expenses in
> order to comply with a subpoena duces tecum." Badman v. Stark,
> 139 F.R.D. 601, 605 (M.D.Pa.1991); see also, United States v.
> Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir.1982)
> (court may award costs of compliance with subpoena to non-party).
> Non-parties are "entitled to have the benefit of this Court's
> vigilance" in considering these factors. Badman, 139 F.R.D. at 605.
> Alexander v. California Dept. of Corrections, 2010 WL 5114931 *
> 3 (E.D.Cal.2010).

16   Id.; Lopez v. Schwarzenegger, 2:09-cv-1760 MCE, 2012 WL 78377 (E.D. Cal. Jan. 10, 2012)

17   (same).

18   III.   Discussion

19       The subpoena that plaintiff has submitted is defective inasmuch as it is not signed by the

20   Clerk of the Court.  Federal Rule of Civil Procedure 45(a)(3) requires that "[t]he clerk must issue

21   a subpoena, signed but otherwise in blank, to a party who requests it.  That party must complete it

22   before service."  Therefore, at the outset, a new subpoena, blank but signed by the Clerk of the

23   Court, must issue to plaintiff.   A subpoena may direct a non-party, pursuant to Federal Rule of

24   Civil Procedure 45, to produce documents or other tangible objects for inspection.

25       There has been no showing by plaintiff that he has not or cannot receive by way of

26   discovery propounded upon defendants Fontillas and Froland the information he seeks by way of

27   a subpoena duces tecum served on the warden.  Plaintiff may, however, seek by way of a

28   subpoena as to defendant Kiesz, the following:

21

1.  Any documents at CSP-Solano setting forth defendant Kiesz' responsibilities in providing medical care to inmates, including any related training programs defendant Kiesz completed at CSP-Solano.

2.  Any documents setting forth the policies, procedures, practices in effect for CDCR and CSP-Sol medical nurses from December 1, 2010 through March of 2011 for the examination, evaluation and diagnosis of a prisoner in response to CDCR 7362 requests.

3.  Any and all documents governing the defendant Kiesz' responsibilities in conducting medical interviews at CSP-Sol predicated on the submission of CDCR forms 7372.

4.  Any and all "documents and/or copy of established procedures, policies at CSP-Solano, that were in effect/operative from January 2011 through April 2011, that identifies defendant(s') approved classification to perform her/his assigned duties," referencing CSP-Sol D.O.M. § 91040.8.1 "nursing services procedure guidelines").

5.  Any and all documents or records of defendants' training at CSP-Sol "relative to physical assessments, sick and urgent/emergent protocols (this request includes defendants' training in health care services, requested medical assistance by inmates, and prison triage assistance.)."

Plaintiff may include in the subpoena a request for, as to *both defendants Kiesz and Braunger*, any and all formal and informal written complaints (including but not limited to 602's) against defendants Kiesz and Braunger for inappropriate and/or negligent medical care. Production in response to this request will require redaction of all personal data identifying any complainant.  Plaintiff will be provided a new subpoena form and must return it within 21 days,. His amended subpoena must contain only the document requests as narrowed and set forth immediately above.  Compliance with this order is required for the court to direct the U.S. Marshal to serve a subpoena duces tecum.

Discovery will be re-opened and the dispositive motion deadline re-set in order to accommodate issuance of the subpoena and responsive production of documents.

////

////

MISCELLANEOUS MOTIONS

I.      Plaintiff's Motion for the Court to Authenticate Documents

Plaintiff asks that the court issue an order authenticating all of the exhibits attached to his complaint.  ECF No. 63.  Plaintiff appended some 242 pages of exhibits to his original, superseded complaint.  ECF No. 1.  He apparently re-submitted those exhibits with the operative first amended complaint (which attaches about 237 pages of exhibits).

Authentication of documents is not the function of the court.  Federal Rule of Evidence 901 provides examples to litigants of methods of authentication or identification of an item of evidence.  Moreover, the court notes that both the original and amended complaints were verified.  In considering any dispositive motion or opposition thereto in the case of a pro se plaintiff, the court will not require further or formal authentication of those exhibits that have been attached to a verified complaint.  See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (evidence which could be made admissible at trial may be considered on summary judgment; see also Aholelei v. Hawaii Dept. of Public Safety, 220 Fed. Appx. 670, 672 (9th Cir. 2007) (district court abused its discretion in not considering plaintiff's evidence at summary judgment, "which consisted primarily of litigation and administrative documents involving another prison and letters from other prisoners" which evidence could be made admissible at trial through the other inmates' testimony at trial).[6]

Plaintiff's motion for an order authenticating exhibits attached to his complaint must be denied.

II.     Plaintiff's Motion for Appointment of Counsel

Plaintiff requests the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28

---

[6] Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007. Ninth Circuit Rule 36-3.  Although still not precedential in the binding sense, the unpublished decisions do have a certain amount of persuasive value, and indicate how Ninth Circuit judges apply binding precedent.

1    U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

2    Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

3          The test for exceptional circumstances requires the court to evaluate the plaintiff's

4    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

5    light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th

6    Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v.

7    Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.

8    1983).  Circumstances common to most prisoners, such as lack of legal education and limited law

9    library access, do not establish exceptional circumstances that would warrant a request for

10   voluntary assistance of counsel.

11         Plaintiff complains broadly that actions of unidentified CDCR employees have subjected

12   him to "inappropriate delays" in this case with regard to obtaining photocopies, receiving legal

13   mail, access to the law library access and to his medical and central files.  Motion at 2, ECF No.

14   111.  He claims that his legal books, legal research and notes and "evidentiary documents" have

15   been confiscated illegally.  Id. at 3.  Plaintiff contends that he has not received unspecified legal

16   notices, etc., mailed to him rendering him unable to meet all procedural requirements.  Id.

17         Plaintiff's record in this case, however, belies his expressed need for appointed counsel.

18   As defendant Kiesz points out in opposition, this case does not present complex issues and

19   plaintiff has showed himself quite capable of litigating it.  Opposition at 2, ECF No. 114.

20   Although plaintiff attempts to counter any contention that he is equal to the task, see Reply, ECF

21   No. 115, the record shows that plaintiff has conducted discovery, filed numerous and lengthy

22   motions and oppositions to defendants' motions, and has proved himself well able to articulate

23   arguments.  Plaintiff does not make a sufficient showing that any likelihood of success on the

24   merits is significantly undermined by his proceeding pro se.

25         Having considered the factors under Palmer, the court finds that plaintiff has failed to

26   meet his burden of demonstrating exceptional circumstances warranting the appointment of

27   counsel at this time.

28   ////

24

III.     Plaintiff's Motion to Re-Open Discovery and Adjust Scheduling Order

Plaintiff requests that discovery be re-opened and the Scheduling Order adjusted.  The request will be granted in part.  Discovery will be re-opened for purposes of the production ordered herein.  The deadlines for discovery and dispositive motions will be reset to provide for the additional discovery here authorized.

CONCLUSION

For all the reasons set forth above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to compel production of documents from defendant Kiesz (ECF No. 87) is GRANTED IN PART as to RFP No. 6 only, and DENIED as to RFP Nos. 1-5 and 7-12. Defendant Kiesz shall provide within fourteen days a redacted copy (as set forth above) of any inmate grievance or complaint regarding the medical care she provided while she worked at CSP-Solano;

2.  Plaintiff's motion for an order compelling defendant Braunger to produce further documents (ECF No. 91) is GRANTED IN PART as to RFP nos. 3 and 5, to the extent that defendant Braunger must within fourteen days provide copies, if any, of the IMSPP medical guidelines in effect from January 1, 2010 through December 31, 2010, that speak to procedures, policies or practices governing the appropriate response to an inmate's complaint of pain and request for prescribed medication.  The motion is DENIED in all other respects;

3.  Plaintiff's motion for an order granting service of a subpoena duces tecum by the United States Marshal on non-party Warden Gary Swarthout or an acting warden (ECF No. 76) is GRANTED IN PART as to the documents specified in the body of this order.  Plaintiff must within twenty-one days return the signed subpoena provided with this order, containing only the requests as narrowed by the court.  Compliance with this order is required for the court to direct the U.S. Marshal to serve the subpoena duces tecum;

4.  The Clerk of the Court is directed to provide plaintiff a signed but otherwise blank subpoena duces tecum form with this order.  See Fed. R. Civ. P. 45(a)(3);

5.  Plaintiff's motion for a court order authenticating the exhibits attached to his plaintiff's complaint (ECF No. 63) is DENIED;

25

6.  Plaintiff's motion for appointment of counsel (ECF No. 111) is DENIED;

7.  Plaintiff's motion to re-open discovery and adjust scheduling order (ECF No. 111) is GRANTED IN PART as follows: The deadlines in the Discovery and Scheduling Discovery Order (ECF No. 75) are hereby vacated.  Discovery is re-opened for the limited purposes specified in this order, and the deadline extended to October 31, 2014.  The dispositive motion deadline is re-set for February 23, 2015.

DATED: September 12, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE