UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE L. PITTS, | No. 2:12-cv-0823 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| C. DAVIS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion for sanctions and to compel responses to the subpoena served on third-party Arnold, warden at California State Prison ("CSP")-Solano. ECF No. 133.

This case proceeds on the first amended complaint. After screening and various motions to dismiss, the remaining claims are against defendants Braunger and Kiesz for delays in plaintiff's receipt of his prescribed medication, and against defendants Fontillas and Froland for failing to provide timely access to a primary care physician. See ECF No. 117 at 1-3 (summary of the procedural history in this case). Plaintiff was granted limited permission to seek documents related to his claims against defendants Braunger and Kiesz by way of subpoena duces tecum served on the warden of CSP-Solano. ECF No. 117 at 21-22.

////

I.      Plaintiff's Allegations

Plaintiff's surviving claims against defendants Braunger and Kiesz are as follows. Plaintiff claims that on December 8, 2010, he submitted a CDCR Form 7362 requesting a refill or renewal of ibuprofen and stating that he had put in three previous requests to see a primary care physician for his condition and had yet to be seen. ECF No. 13 at 7. Two days later, on December 10, 2010, he was seen by defendant Braunger. Id. The "interview began and ended with this statement[:] 'I checked and your Ibuprofen was given to you.'" Id. Plaintiff was not given a physical exam and his complaints were not evaluated. Id. At that time plaintiff had been without his medication for approximately twenty-five days. Id.

He further alleges that on January 4, 2011, he submitted another CDCR Form 7362 in which he requested an evaluation for "kitchen clearance." Id. He was seen by defendant Kiesz two days later on January 6, 2011. Id. Plaintiff advised Kiesz that he wanted assistance with his prior medical requests concerning his shoulder injuries and delayed receipt of his prescription for ibuprofen. Id. Kiesz informed plaintiff that there was nothing in his file about an injury report and that, according to policy, they were only going to discuss the issue on his CDCR Form 7362. Id. at 7-8.

II.     Motion to Compel

   A.     Standards Governing Subpoenas

Under Federal Rule of Civil Procedure 45(a)(1)(D), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. However, a party's reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense") and by the court's duty under Federal Rule of Civil Procedure 45(d)(1) to ensure that a subpoena does not impose "undue burden or expense on a person subject to the subpoena." "The 'Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum.'" Heilman v. Lyons, No. 2:09-cv-2721 KJN P, 2010 WL 5168871, at *1, 2010 U.S. Dist. LEXIS 136449, *3 (E.D. Cal. Dec. 13, 2010) (quoting Badman v. Stark, 139

F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"); see also United States v. Columbia Broad. Sys., Inc., 666 F.2d 364, 368-69 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party); Fed. R. Civ. P. 45(d)(1) ("A party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court . . . must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party . . . who fails to comply."). Plaintiff is responsible for paying all fees and costs associated with the subpoenas regardless of his in forma pauperis status.  Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989).

   B.   Discovery Disputes

Plaintiff moves to compel responses to three requests for production contained in a subpoena served on Warden Arnold, a non-party.  Plaintiff argues in both his motion to compel (ECF No. 133 at 7) and reply (ECF No. 139 at 1-2) that the court has already decided the merits of these discovery disputes.  However, plaintiff appears to confuse the court's order to have the U.S. Marshals Service serve the subpoena with an order to compel production.  Because plaintiff is proceeding pro se, the court must "issue and serve all process," 28 U.S.C. § 1915(d), but this does not deprive the subpoenaed party of the opportunity to serve objections or to move to quash or limit the subpoena, Fed. R. Civ. P. 45(d)(2)(B).  To the extent plaintiff is attempting to argue that Arnold is foreclosed from objecting to the requests because the court has already ruled on his motion to compel against the defendants, this argument also fails.  Plaintiff was given an opportunity to attempt to obtain documents from Arnold because the relevant portions of his motion to compel against defendants were denied and Arnold is permitted to put forth his own objections to the requests against him.

Because defendant Kiesz is represented by separate counsel, Warden Arnold submitted two sets of responses to the subpoena.  One set of responses was prepared by counsel representing defendant Kiesz (ECF No. 134), while the other set was prepared by counsel for defendant

////

////

3

Braunger[1] (ECF No. 135). Counsel representing Kiesz responded to RFP No. 1, counsel for Braunger responded to RFP No. 2, and counsel for both Kiesz and Braunger responded separately to RFP No. 6.

> **RFP No. 1:** Produce any and all documents at CSP-Solano setting forth defendant Kiesz [sic] responsibilities in providing medical care to inmates, including any related training programs defendant Kiesz completed at CSP-Solano.
>
> **Response:** Objection. Vague and ambiguous as to "any related training programs". This does not refer to any specifically identifiable document. To the extent that the plaintiff is seeking all documents related to all training that Kiesz completed regarding the provision of medical care to inmates, this request is overly broad and burdensome.
>
> Without waiving these objections, Warden Arnold provides the following response: with respect to the request for all documents "setting forth defendant Kiesz [sic] responsibilities in providing medical care to inmates," Warden Arnold refers the plaintiff to the relevant portions of Title 15, the Department Operations Manual, and the Inmate Medical Services Policies & Procedures, all of which are equally accessible to the plaintiff through the prison law library.
>
> Warden Arnold further states that he is in the process of searching for responsive documents and, if any are found, they will be produced by the commanded production date.

ECF No. 133 at 13-14.

> **First Supplemental Response:** Warden Arnold hereby produces the following documents: pertinent portions of the CSP-Solano Policy and Procedure Manual, attached as Exhibit "A"; and pertinent portions of the Institution Operations Plan, California Prison Health Care Services, for CSP-Solano, attached as Exhibit "B".

Id. at 48.

> **Second Supplemental Response:** Warden Arnold hereby produces the following documents: training sign-in sheets regarding Kiesz, attached as Exhibit "C". Information regarding other persons has been redacted from these records.

Id. at 42-43.

Plaintiff seeks to compel further production of the Inmate Medical Services Policies and

---

[1] Braunger's counsel also represents Fontillas and Froland, but plaintiff was not given leave to seek information as to Fontillas and Froland

Procedures (IMSP&P) in response to RFP No. 1.  ECF No. 133 at 4-6.  He argues that he does not have access to the IMSP&P[2] at his current facility.[3]  Id.; ECF No. 139 at 3-6.  But, as Arnold points out, the documentation provided by plaintiff shows that the IMSP&P are available at the law library where plaintiff is housed, he simply has to identify which sections he wants from the index that was provided to him.[4]  ECF No. 133 at 58.  Plaintiff replies that on February 3, 2015, he did in fact request the sections of the IMSP&P that he required, but has not received the requested documents.  ECF No. 139 at 5.  However, upon review of plaintiff's request, the court is unable to discern a request for any specific portion of the IMSP&P and instead plaintiff appears to be complaining about the inadequacy of the index and possibly requesting the entire IMSP&P.  Id. at 41.  There is nothing to indicate that the entire IMSP&P is relevant to plaintiff's claims against defendant Kiesz or that he would not be able to obtain copies of relevant sections once he properly identifies them.  It is clear that plaintiff can obtain copies of the IMSP&P from the law library if he submits a proper request.

Because the evidence shows that plaintiff can obtain copies of the IMSP&P from the law library where he is housed, the motion to compel will be denied and the court will not order Arnold to produce them.  See Fed. R. Civ. P. 26(b)(2)(C)(i) (the court must limit discovery when it can be obtained from some other source that is more convenient, less burdensome, or less expensive).

> **RFP No. 2:** Produce any and all documents setting forth the policies, procedures, and practices in effect for CDCR and CSP-Solano medical nurses from December 1, 2010 through March of 2011, for the examination, evaluation and diagnosis of a prisoner in response to CDCR 7362 requests.

---

[2] Plaintiff also references not having access to policies specific to CSP-Solano (ECF No. 133 at 4), but clarifies in his reply that he is only seeking production of the IMSP&P (ECF No. 139 at 3). Moreover, Arnold's response to the subpoena indicates that he produced responsive sections of the CSP-Solano Policy and Procedure Manual and sections of CSP-Solano's Institution Operations Plan (ECF No. 133 at 48) and plaintiff has not identified any deficiencies with those documents.
[3] Plaintiff is currently housed at the California Health Care Facility (CHCF).
[4] Arnold also produces a declaration from the litigation coordinator at CHCF stating that the law library there does have copies of the IMSP&P and makes copies available to inmates.  ECF No. 134-1 at 2.

> **Response:** Warden Arnold objects that portions of Title 15, the Departmental Operations Manual, and the Inmate Medical Services Policies & Procedures may address Defendants Kiesz's "responsibilities in providing medical care to inmates," which Plaintiff has equal access to through CSP-Sol's prison law library.
>
> Without waiving objection, Warden Arnold is in the process of searching for responsive documents, and if any are found, will produce them by the commanded production date.

ECF No. 133 at 22.

> **Supplemental Response:** Warden Arnold's objections and responses to this category of documents, as they relate to Defendant Kiesz, will be provided by attorney Matthew Wilson of Williams & Associates.
>
> As to Defendant Braunger, Froland, and Fontillas, Warden Arnold objects that Plaintiff has equal access to portions of Title 15, the Departmental Operations Manual, and the Inmate Medical Services Policies & Procedures addressing CSP-Solano's nurses' "responsibilities in providing medical care to inmates," through CSP-Solano's prison law library.

Id. at 33-34. In his supplemental response, Arnold also produced a number of policies to plaintiff. Id.

Because plaintiff refers the court to his argument regarding RFP No. 1, which sought only the production of the IMSP&P (id. at 6), this request will be denied for the same reason the motion to compel a further response to RFP No. 1 was denied. The court also notes that with respect to RFP No. 2, Arnold has offered to provide plaintiff with additional responsive, non-privileged documents if plaintiff can specifically identify them. ECF No. 135 at 4. But further identification of CSP-Solano specific policies begins with identification of specific portions of the IMSP&P, which plaintiff has failed to identify. Id. at 5.

Although ultimately immaterial to the resolution of the motion to compel because the documents plaintiff seeks to compel are available to him through the law library, the court notes that in providing a supplemental response to RFP No. 2, counsel for defendant Braunger appears to go back on his initial representation that he would also be providing a response as the request related to defendant Kiesz (ECF No. 133 at 22, 33) and the apparent understanding with counsel for Kiesz to that effect (id. at 14, 48-49). Plaintiff argues this in his motion to compel (ECF No. 133 at 6), yet it is not addressed in either of Arnold's responses, though counsel for Kiesz

6

reiterates an understanding that both the response to RFP No. 2 and the motion to compel related to that request would be addressed by counsel for Braunger (ECF No. 134 at 6).  However, despite the representation, it appears that the response provided by counsel for Braunger was also responsive for Kiesz.  ECF No. 133 at 33-34.  In the future, counsel for both defendants should ensure that they are clear about who is addressing what, and that such division is clearly and accurately represented to plaintiff and, in the case of a discovery dispute, to the court.

> **RFP No. 6:** Produce any and all formal and informal written complaints (including but not limited to 602's) against defendants Kiesz, and Braunger regarding inappropriate and/or negligent medical care.  The court orders production in response to this request will require redaction of all personal data identifying any complainant.
>
> **Kiesz' Response:** With respect to that portion of this request that pertains to Kiesz, Warden Arnold objects to this request.  Vague and ambiguous as to "formal and informal written complaints". While the request refers to "602's" (a.k.a. inmate appeals), it is not limited to only "602's".  It is unclear what other complaints the plaintiff may be referring to, such as complaints filed with the courts to initiate lawsuits, citizen complaints filed with California's Victim Compensation and Government Claim Board, and complaints made to various licensing bodies.  It would be overly burdensome for the responding party to locate such other types of complaints and, in any event, they are not in the possession, custody, or control of the responding party.
>
> To the extent that the plaintiff is seeking inmate appeals concerning medical care Kiesz provided to other inmates, this request violates the privacy rights of both Kiesz and those other inmates.  It would also be a violation of both HIPAA and Title 15 for the responding party to produce the requested documents to the plaintiff. Furthermore, the requested documents may contain confidential and private information about other inmates' custody classifications and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution.
>
> This request is overly broad in that it seeks documents regarding the medical care of persons who are not a party to this lawsuit.
>
> This request is overly burdensome.  Inmate appeals at the California State Prison, Solano (CSP-Solano), are filed by inmate name and by log number.  Only those inmate appeals that are categorized by the prison's Appeals Office as being staff complaints are retrievable by the name of the subject staff person.  To locate all inmate appeals concerning defendant Kiesz (including those not categorized as staff complaints) would require reviewing each inmate appeal submitted during Kiesz' period of employment at the prison. Approximately 3000 to 4000 inmate appeals are submitted each year at CSP-Solano.  Thus, it would take multiple staff many days

of document review to locate all inmate appeals which may be potentially responsive to this request.

Without waiving these objections, Warden Arnold responds as follows: Warden Arnold is in the process of searching for responsive documetns and, if any are found, they will be produced by the commanded production date.

ECF No. 133 at 16-18.

**Kiesz' Supplemental Response:** After a good faith and diligent search, the only documents located that are responsive to this request were documents concerning five inmate appeals concerning Kiesz and inmate medical care that were classified as staff complaints. Based on the objections previously stated, these documents will not be produced.

Id. at 52.

**Braunger's Response:** As to Defendant Braunger, Warden Arnold objects that the request is overbroad because it is unlimited as to time. The request does ot describe any specific timeframe in which responsive documents may have been generated or otherwise made. Warden Arnold also objects that the request is overly burdensome. A search for any and all formal and informal written complaints (including but not limited to 602's) against Defendant Braunger regarding inappropriate and/or negligent medical care against Defendant Braunger, would require institution staff to search through every medical file of every patient Defendant Braunger has treated during the scope of her employment. Such an undertaking is overly burdensome because Defendant Braunger has treated an unknown number of prisoner-patients while working at CSP-Sol.

Without waiving objection, Warden Arnold is in the process of searching for responsive documents and if any are found, will produce them by the commanded production date.

Id. at 24.

**Braunger's Supplemental Response:** Without waiving objection, Warden Arnold made a diligent effort to locate any responsive documents as to Defendant Braunger, but has been unable to find any.

Id. at 37.

Plaintiff argues that production is not overly burdensome because "CSP-Solano and CDCR has employed staffing receiving a paycheck at the expense of the public, for the very purpose to organize, track, categorize and make available for appropriate review, complaints made against the agency staff members including medical staff." ECF No. 133 at 7. However, Arnold's objections states that general appeals are tracked by the inmates' identities, not the

identities of the staff members involved. The court is not aware of, nor has plaintiff identified, any authority directing CDCR to track general appeals by the staff members involved. Arnold argues that staff would have to be diverted from their regular duties related to the processing of grievances and outlines the resources that would be necessary in order to locate grievances not classified as staff complaints. ECF No. 134 at 8; ECF No. 135 at 6-7. He argues that such measures should not be ordered without shifting costs to plaintiff. Id. at 7.

If a court orders compliance with a subpoena where objections have been made, then the court must "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii); Legal Voice v. Stormans Inc., 738 F.3d 1178, 1184 (9th Cir. 2013) (the court must protect a non-party who objects to compliance by shifting significant costs to the requesting party). Only two considerations are relevant to the cost-shifting inquiry: "[1] whether the subpoena imposes expenses on the non-party, and [2] whether those expenses are 'significant.'" Id. (citation and internal quotation marks omitted). If production imposes expenses on the non-party and they are significant, "the court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'non-significant.'" Id. (citation and internal quotation marks omitted).

Plaintiff argues in his reply that Arnold's cost-shifting arguments should fail because the time to disclose costs has passed. ECF No. 139 at 7. However, Federal Rule of Civil Procedure 45 does not set a time for the disclosure of costs and the court has discretion under Rule 45 to award costs before or after production. See Columbia Broad. Sys., Inc., 666 F.2d at 368 (Rule 45 does not preclude post-compliance reimbursement of costs). It is clear that plaintiff's request that Arnold be required to search every general grievance for complaints related to defendants Braunger and Kiesz is unduly burdensome and would entail significant expense. The court will not consider ordering such an undertaking without shifting the burden of that expense to plaintiff. Since plaintiff is proceeding in forma pauperis (ECF No. 5) and has made no indication that he is capable of covering such costs, the motion to compel will be denied to the extent it seeks further production of non-staff complaint grievances.

With respect to those complaints that are readily identifiable, Arnold's response as to

1  Braunger stated that no responsive documents had been located (ECF No. 133 at 37), while his
2  response as to Kiesz stated that five inmate appeals, classified as staff complaints, had been
3  identified as responsive but would not be produced (id. at 52).  Arnold argues that he should not
4  be required to produce the appeals because there is a constitutionally-based right to privacy that
5  outweighs plaintiff's need for disclosure.  ECF No. 134 at 8-9.

6  Because Arnold has been unable to identify any complaints against defendant Braunger
7  after making diligent efforts, and plaintiff does not identify any specific complaints and only
8  speculates that additional documents may exist, plaintiff's motion to compel as to Braunger will
9  be denied.  However, for the reasons outlined below, Arnold will be required to produce the five
10 staff complaints against Kiesz.

11 In support of his argument that the court should not compel production of the five staff
12 complaints, Arnold cites Breed v. United States Dist. Court for the N. Dist. of Cal., 542 F.2d
13 1114 (9th Cir. 1976).  ECF No. 134 at 8-9.  In Breed, the petitioners sought a writ of mandamus
14 or prohibition directing a three-judge district court to vacate an order compelling production of
15 records for juveniles in the custody of the California Youth Authority.  Breed, 542 F.2d at 1114-
16 15.  The petitioners asserted governmental privilege, which the Ninth Circuit found had not been
17 pled with sufficient specificity to support the claim.  Id.  Additionally, although the Ninth Circuit
18 expressed concern over the disclosure of the juveniles' personal information, it held that in light
19 of the district court's order limiting disclosure of that information, the third-parties' privacy
20 rights, balanced against the plaintiff's need for the information, did not warrant extraordinary
21 relief.  Id. at 1115-16.

22 The court finds that Arnold's privacy argument is in fact an attempt to assert
23 governmental privilege.  "Federal common law recognizes a qualified privilege for official
24 information."  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) ("Government
25 personnel files are considered official information.").  "To determine whether the information
26 sought is privileged, courts must weigh the potential benefits of disclosure against the potential
27 disadvantages.  If the latter is greater, the privilege bars discovery."  Sanchez, 936 F.2d at 1033-
28 34.  "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous

1  determinations that a balancing test is appropriate when the disclosure of law enforcement files in
2  a civil action is at issue." Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal.1993).  Documents
3  that are a part of the personnel records of officers defending civil rights actions, while containing
4  sensitive information, are within the scope of discovery. Soto v. City of Concord, 162 F.R.D.
5  603, 614-15 (N.D. Cal. 1995) (citing Hampton v. City of San Diego, 147 F.R.D. 227, 229 (S.D.
6  Cal. 1993)); Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

7        In addition to a privilege log, a party seeking to invoke the official information privilege
8  and prevent disclosure must submit an affidavit from an official of the agency in control of the
9  materials sought addressing the following concerns: (1) an affirmation that the agency has
10 maintained the confidentiality of the materials it refuses to disclose; (2) a statement that the
11 affiant personally has reviewed the material in question; (3) a specific identification of the
12 privacy interests that would be threatened by disclosure to the plaintiff; (4) a description of how
13 disclosure pursuant to a "carefully crafted protective order would create a substantial risk of harm
14 to significant governmental or privacy interests;" and (5) a projection of the extent of harm that
15 would befall the threatened interests if disclosure were ordered. Soto, 162 F.R.D. at 613
16 (citations omitted).

17       So far as the court can discern, Arnold has not complied with his obligation to prepare the
18 privilege log necessary to support any claim of privilege.  Moreover, his supporting affidavit is
19 inadequate to establish applicability of the official information privilege.  Arnold has produced a
20 declaration from S. Cervantes, the litigation coordinator and former appeals coordinator at CSP-
21 Solano, which states that Cervantes assisted in locating the complaints and affirms that it is the
22 policy of both the CDCR and CSP-Solano to maintain the confidentiality of staff complaints.
23 ECF No. 134-2 at 1-2.  However, the declaration does not state that Cervantes actually reviewed
24 any of the complaints, and addresses factors three through five in only a general and conclusory
25 fashion. Id. at 2.  This is not sufficient to support a claim of official information privilege, and
26 the general nature of the declaration is insufficient to convince the court that redaction would not
27 sufficiently address privacy and security concerns in this instance.  Therefore, plaintiff's motion
28 to compel will be granted and Warden Arnold will be required to produce redacted copies of the

1 five staff complaints against defendant Kiesz for plaintiff's review.  Arnold may redact

2 identifying information regarding other inmates, which the court recognizes may extend beyond

3 the names and CDCR numbers of those inmates.[5]

4       Because the requested documents do implicate third-party privacy rights related to

5 medical treatment, the court will not require that plaintiff be provided with a copy of the

6 complaints to keep in his possession.  Arnold must make the redacted copies of the complaints

7 available for plaintiff to review, through the litigation coordinator or other appropriate CDCR

8 staff where plaintiff is housed.  Plaintiff must be permitted to take notes, and the complaints must

9 be clearly Bates numbered so that plaintiff can refer to those page numbers when identifying

10 pages he believes to be relevant.  Should plaintiff rely on any portion of the staff complaints in his

11 response to defendant Kiesz' motion for summary judgment, Arnold, through counsel for

12 defendant Kiesz, must file the redacted and Bates numbered complaints under seal with the court

13 at the same time defendant Kiesz files her reply in support of her summary judgment motion.

14 III.    <u>Motion for Sanctions</u>

15       Plaintiff request the court sanction Arnold for failing to produce documents.  ECF No. 133

16 at 8.  Although the court has ordered limited further production, Arnold's objections were largely

17 appropriate and the court declines to issue sanctions against Arnold.

18       Accordingly, IT IS HEREBY ORDERED that:

19       1. Plaintiff's motion to compel (ECF No. 133) is granted in part and denied in part as

20 follows:

21         a. Denied in its entirety as it pertains to defendant Braunger;

22         b. Denied as to RFP Nos. 1 and 2 as they pertain to defendant Kiesz;

23         c. Denied in part as to RFP No. 6 as it pertains to defendant Kiesz.  The motion is

24 denied to the extent that it seeks to require Warden Arnold to conduct a search of the grievances

---

[5] To the extent Arnold raised objections based on the Health Insurance Portability and Accountability Act (HIPAA), HIPAA expressly provides that health information may be disclosed in a judicial proceeding in response to a court order.  45 C.F.R. § 164.512(e)(1)(i).  Moreover, redaction should address any concerns over the disclosure of personally identifiable information.

1   that have not been classified as staff complaints; and

2                  d.  Granted in part as to RFP No. 6 as it pertains to defendant Kiesz.  The motion is
granted as to the request for the five staff complaints against defendant Kiesz.  Within thirty days
of the filing of this order, plaintiff must be given an opportunity to review the five redacted staff
complaints and take notes as outlined above.

          2.  Warden Arnold shall file a notice of compliance within seven days of plaintiff's review
of the complaints.  Plaintiff shall have thirty days from the filing of Warden Arnold's notice of
compliance to file his response to defendants' motions for summary judgment.

          3.  Plaintiff's motion for sanctions (ECF No. 133) is denied.

DATED: October 29, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE